Henry A. MORRONI and F. Annette Morroni, Plaintiffs,

v.

Thomas H. GUNDERSON and Henderson, Franklin, Starnes & Holt, P.A., Defendants.

No. 95–129–CIV–FTM–17.

United States District Court, M.D. Florida, Fort Myers Division.

Oct. 28, 1996.

unduly delay or prejudice the adjudication of the rights of the original parties."

Henry A. Morroni, Ft. Myers, FL, Pro Se.

Robert L. Parks, Haggard & Parks, P.A., Coral Gables, FL, Ralph Patrick Richard, Law Office of Ralph P. Richard, Ft. Myers, FL, for plaintiffs.

F. Annette Morroni, Ft. Myers, FL, Pro Se.

Clifford Gorman, Peterson & Bernard, Ft. Lauderdale, FL, for defendants.

### ORDER ON RULE 11 SANCTIONS

KOVACHEVICH, Chief Judge.

This cause is before the Court on Plaintiff's Motion to Strike Defendants' Supplemental Motion for Rule 11 Sanctions (Dkt. No. 21), Defendants' Motion for Rule 11 Sanctions (Dkt. No. 16), and responses.

### FACTS

On November 29, 1995, Plaintiffs filed their Second Amended Complaint (Dkt. No. 10) in this case, alleging negligence, breach of fiduciary duty, fraud, RICO violations and vicarious liability. On January 30, 1996, Plaintiffs moved for a voluntary dismissal

(Dkt. No. 14), which the Court granted on February 5, 1996 (Dkt. No. 14).

On April 19, 1996, two months after Plaintiffs voluntarily dismissed the Second Amended Complaint, Defendants filed a Motion for Rule 11 Sanctions (Dkt. No. 16). On April 29, 1996, Plaintiffs filed a Motion for Extension of Time (Dkt. No. 17) asking for ten days to respond to Defendant's Motion for Rule 11 Sanctions. On May 1, 1996, the Court granted Plaintiffs' Motion for Extension of Time (Dkt. No. 18). Plaintiffs' response to Defendants' Motion for Rule 11 Sanctions was due on May 20, 1996.

On May 30, 1996, Defendants filed a Supplemental Motion for Rule 11 Sanctions (Dkt. No. 19). In the Supplemental Motion, Defendants adopted by reference their previous motion (Dkt. No. 16) and indicated that Plaintiffs had failed to file and serve their response to Defendants' Motion for Rule 11 Sanctions in a timely fashion.[1] Also on May 30, 1996, Plaintiffs filed an untimely Memorandum of Law in Opposition to Defendants' Motion for Rule 11 Sanctions (Dkt. No. 20). Plaintiffs responded to Defendants' Supplemental Motion with a Motion to Strike (Dkt. No. 21) Defendants' Supplemental Motion for Rule 11 Sanctions on June 11, 1996. On June 20, 1996, Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Motion to Strike (Dkt. No. 22).

## DISCUSSION

■ The Court will first address Plaintiffs' Motion to Strike (Dkt. No. 21) Defendants' Supplemental Motion for Rule 11 Sanctions (Dkt. No. 19). Defendants point out that motions to strike are governed by Rule 12 of the Federal Rules of Civil Procedure. Rule 12 provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). As this Court has previously stated "[a] motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f)." *Weiss v. PPG Industries, Inc.*, 148 F.R.D. 289, 292 (M.D.Fla.1993). Therefore, the Court denies Plaintiffs' Motion to Strike (Dkt. No. 21). However, the Court will consider the points raised by Plaintiffs in the motion to strike as a memorandum in opposition to the Defendant's Supplemental Motion for Sanctions.

■ The Court now considers Defendants' Supplemental Motion for Rule 11 Sanctions (Dkt. No. 19). Middle District of Florida Local Rule 3.01(b) provides that "[n]o other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court." Middle Dist.Fla.R. 3.01(b). At no time did the Court request Defendants, or grant leave to Defendants, to file a supplemental motion. It was improper for Defendants to file such a motion without seeking leave of court. However, since the only addi-

---

1. The Court notes that Defendants incorrectly calculated the date on which Plaintiffs' response to Defendants' Motion for Rule 11 Sanctions to be May 13, 1996, and Plaintiffs failed to file their response until May 30, 1996. The Court directs Counsel for both parties to Middle District of Florida Local Rule 4.20 which provides in relevant part:

(a) Pursuant to Fed.R.Civ.P. 6(a) and (e), whenever a period of time prescribed or allowed by the *Federal Rules of Civil Procedure* or the *Rules of the District Court of the United States for the Middle District of Florida*, or by any applicable statute is less than eleven (11) days and there has been service of a notice or other paper upon a party by mail, then the period of time which that party has to act shall be computed as follows:
(1) By first calculating the original period prescribed pursuant to Fed.R.Civ.P. 6(a); and (2) By then adding three (3) days to the original prescribed period pursuant to Fed.R.Civ.P. 6(e). The three (3) days shall be calculated beginning with the day following the last day of the original prescribed period, and shall be counted consecutively regardless of whether any day of this three (3) day period is a Saturday, Sunday, or legal holiday as defined in Fed.R.Civ.P. 6(a). The third day shall be treated as the last day of the period unless it is a Saturday, Sunday, or legal holiday in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Middle Dist.Fla.R. 4.20.

Therefore, since the Court granted Plaintiffs' Motion for Extension of Time on May 1, 1996, the ten day period should be calculated beginning on May 2, 1996, a Thursday, and excluding weekends, would end on May 15, 1996, a Wednesday. Then a party must add an additional three days to this time period, beginning on May 16, 1996, a Thursday, and ending on May 20, 1996, a Monday, since the three day period falls on a weekend.

tional point raised by Defendants' Supplemental Motion is the Plaintiffs' failure to file a timely response to Defendants' Motion for Rule 11 sanctions, the Court will address the untimely response by the Plaintiffs as though the Supplemental Motion had never been filed.

■ As the Court has noted, Plaintiffs' response to Defendants' Motion for Rule 11 sanctions (Dkt. No. 16) was due May 20, 1996, but Plaintiffs did not file their response with the Court until May 30, 1996. However, because of the Eleventh Circuit's strong policy of resolving issues on the merits and not on procedural technicalities, the Court has judicial discretion to overlook Plaintiffs' untimeliness. *Whitehead v. School Board for Hillsborough County,* 932 F.Supp. 1396 (M.D.Fla.1996).[2]

■ Rule 11 provides that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed.R.Civ.P. 11(c)(1)(A). This provision was made a part of Rule 11 as a result of the 1993 amendments. The reasons for the addition of the 21 day "safe harbor" to Rule 11 were set forth in the Advisory Committee Notes as follows:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

The Advisory Committee Notes further point out that "[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely . . . . Given the "safe harbor" provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case . . . ."

Defendants cite the Supreme Court case of *Cooter and Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) for the proposition that district courts retain the authority after a case has been voluntarily dismissed to impose Rule 11 sanctions for violations that occur prior to the voluntary dismissal of an action. However, *Cooter and Gell v. Hartmarx Corp.* was decided in 1990, three years prior to the 1993 amendments, including the addition of the 21 day "safe harbor" period to Rule 11. Thus, the 1993 amendments to Rule 11 had the effect of overruling *Cooter and Gell v. Hartmarx* to the extent that under the 1993 version of Rule 11, a party who seeks Rule 11 sanctions based upon allegations in a complaint, cannot wait until the action has been voluntarily dismissed by the opposing party because the party who voluntarily dismisses a case has withdrawn the offending pleading by dismissing the case. *Photocircuits Corp. v. Marathon Agents, Inc.,* 162 F.R.D. 449 (E.D.N.Y. 1995). Therefore, it was improper for Defendants to file their Rule 11 motion with the Court.

■ Additionally, Middle District of Florida Local Rule 3.01(g) requires:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving counsel has conferred with opposing counsel

---

**2.** However, the Court's decision to overlook Plaintiffs' untimeliness is no way meant to encourage noncompliance with the local rules.

and that counsel have been unable to agree on the resolution of the motion.

Middle Dist.Fla.R. 3.01(g). Defendants acknowledge in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Strike Supplemental Motion for Rule 11 Sanctions (Dkt. No. 22) as the reason for failure to comply with Local Rule 3.01(g) that "contacting the opposing party in an attempt to resolve the issues would have been fruitless: it is inconceivable Morroni would agree to voluntarily submit to sanctions by this Court, monetary or otherwise." While Plaintiffs most likely would not have agreed to be sanctioned, Plaintiffs should have been presented with the opportunity to resolve the issues raised by the motion by pointing out to the Defendants that as a result of the 21 day "safe harbor" provision of Rule 11, Defendants should not have filed their Rule 11 motion for sanctions based upon Plaintiffs' Second Amended Complaint when the allegedly offensive pleading had already been withdrawn by Plaintiffs' voluntary dismissal of the case. Accordingly, it is

**ORDERED** that the Plaintiffs' Motion to Strike Defendants' Supplemental Motion for Rule 11 Sanctions (Dkt. No. 21) be **denied,** Defendants' Motion for Rule 11 Sanctions (Dkt. No. 16) be **denied,** and Defendants' Supplemental Motion for Sanctions (Dkt. 19) be **denied.**