### In re EVERGREEN SECURITY, LTD., Debtor.

### No. 6:01–bk–00533–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 17, 2007.

---

Allan E. Wulbern, Smith, Hulsey & Busey, Jacksonville, FL, Mariane L Dorris, Latham Shuker Eden & Beaudine LLP, Orlando, FL, R. Scott Shuker, Latham Shuker Eden & Beaudine LLP, Orlando, FL, for Evergreen Security, Ltd.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 (Doc. 1542) ("Sanctions Motion") and the Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 (Doc. No. 1624) ("Fees Motion") filed by the Debtor Evergreen Security Ltd. ("Evergreen") through R.W. Cuthill, Jr., the President of Evergreen, seeking sanctions against the attorneys Scott W. Spradley, Maureen A. Vitucci, and Peter R. Ginsberg ("Ginsberg") and the law firms of GrayRobinson, P.A. and Peter R. Ginsberg, P.C. (collectively, the "Respondents"). The Respondents filed responses to the Sanctions and Fees Motions (Doc. Nos.1655, 1656, 1657, 1658, 1659). Ginsberg filed a Motion to Bifurcate Proceedings (Doc. No. 1661) seeking to have the issues relating to his liability pursuant to Rule 9011 and 28 U.S.C. Section 1927 bifurcated from issues relating to the amount of damages.

A status conference was held on June 13, 2007 at which counsel for Evergreen, Cuthill, J. Anthony Huggins, and the Respondents' respective counsel appeared. The following threshold issues relating to the Sanctions and Fees Motions were presented by counsel at the hearing: (i) Does the Court have jurisdiction to award sanctions pursuant to 28 U.S.C. Section 1927? (ii) Did Evergreen violate the safe harbor provision of Federal Rule of Bankruptcy Procedure 9011? (iii) Does the Court have authority to award sanctions pursuant to 11 U.S.C. Section 105? The parties, pursuant to the Court's directive, filed supplemental briefs addressing these issues (Doc. Nos. 1672, 1676, 1677, and 1678). The Respondents request dismissal of the Sanctions and Fees Motions in their supplemental briefs and responses. The Court makes the following findings and rulings regarding these threshold issues after reviewing the pleadings, hearing live argument, and being otherwise fully advised in the premises.

### 28 U.S.C. Section 1927

■ Evergreen's Sanctions and Fees Motions relate to the Motion for Recusal, Motion to Disqualify, Disclosure of All Ex Parte Communications and Revocation of All Prior Orders (Doc. No. 1508) ("Recusal Motion") filed on July 27, 2006 by the Respondents. The Recusal Motion was denied by the Order entered on February 27, 2007 and is a final, non-appealable order. Evergreen, through its Fees Motion, seeks an award pursuant to 28 U.S.C. Section 1927 of all fees and costs expended in connection with the Recusal Motion.

Section 1927, entitled *Counsel's liability for excessive costs*, provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof

who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (2006). Section 451 of Title 28 defines "court of the United States" to include:

> ... the Supreme Court of the United States, courts of appeals, district courts ... and any court created by Act of Congress the judges of which are entitled hold office during good behavior.

28 U.S.C. § 451 (2006).

The Respondents contend only Article III federal courts, and not Bankruptcy Courts, which are Article I courts, have jurisdiction to award sanctions pursuant to Section 1927 on the basis Bankruptcy Courts do not constitute courts "of the United States." Several United States Circuit Courts of Appeals, including the United States Court of Appeals for the Eleventh Circuit, have held a Bankruptcy Court is not a "court of the United States." *IRS v. Brickell Inv. Corp. (In re Brickell Inv. Corp.)*, 922 F.2d 696, 700–01 (11th Cir.1991) (holding, based upon the reasoning of *In re Davis infra*, "since a bankruptcy court is not an Article III court, it cannot be considered a 'court of the United States' for purposes of awarding fees under [28 U.S.C.] § 7430.") [1]; *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.)*, 40 F.3d 1084, 1086 (10th Cir.1994) (concluding "... we must hold that bankruptcy courts are not within the contemplation of § 1927."); *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir.1992) (holding a bankruptcy court is not a court of the United States entitled to waive filing fees pursuant to 28 U.S.C. Section 1915(a)); · 1 COLLIER ON BANKRUPTCY ¶ 2.02[4], at 2–13 (15th ed. rev.2005).[2]

The Circuit Courts' decisions are based upon the legislative history of Section 451 and the statute's plain language, which refers only to Article III courts. The majority of Bankruptcy Courts addressing the issue of whether the Bankruptcy Courts constitute "courts of the United States" have concluded they do not. *Courtesy Inns*, 40 F.3d at 1086. Bankruptcy Courts, consequently, do not have authority to impose sanctions pursuant to 28 U.S.C. Section 1927. *Id.; In re Burt*, 179 B.R. 297, 301 (Bankr.M.D.Fla.1995) (following the *In re Courtesy* decision); *In re Westin Capital Mkts., Inc.*, 184 B.R. 109, 118 (Bankr.D.Or.1995) (applying the reasoning in *Perroton* ); *In re Richardson*, 52 B.R. 527, 537–38 (Bankr.W.D.Mo.1985).

■ This Court, as a non-Article III court, does not have authority to impose sanctions for vexatious litigation pursuant to 28 U.S.C. Section 1927, but it does have authority to hear the Fees Motion and submit proposed findings of fact and conclusions of law to the United States District Court for the Middle District of Flori-

---

**1.** *Gower v. Farmers Home Admin. (In re Davis)*, 899 F.2d 1136, 1139–40 (11th Cir. 1990) (holding "[b]ankruptcy courts are not listed in section 451, and it is indisputable that, as presently constituted, they are not Article III courts" and, therefore, lack jurisdiction to award fees pursuant to 28 U.S.C. Section 2412(d)(1)(A).).

**2.** *See also, Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir.2000) (questioning whether a bankruptcy court has the power to award sanctions pursuant to 28 U.S.C. Section 1927 and concluding "court had ample alternative authority to sanction [attorney]."); *In re Volpert*, 110 F.3d 494, 500 (7th Cir.1997) (leaving "unanswered whether bankruptcy judges can exercise the authority of a 'court of the United States' on basis bankruptcy court had ample authority, apart from 28 U.S.C. Section 1927, to sanction attorney's behavior.").

da ("District Court"). 28 U.S.C. § 157(c)(1) (2006); *Brickell,* 922 F.2d at 701. Section 157(c)(1) of Title 28 authorizes a Bankruptcy Court to "hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and directs "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court...." 28 U.S.C. § 157(c)(1). A district judge "shall" enter a final order or judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." *Id.*

The Fees Motion constitutes a proceeding related to Evergreen's bankruptcy case, a case under title 11. *In re Happy Hocker Pawn Shop, Inc.,* 212 Fed.Appx. 811, 817 (11th Cir.2006) (applying the "related to" jurisdictional test of "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy"). The Evergreen bankruptcy estate would derive benefit from a judgment in favor of Evergreen if it prevails on the Fees Motion. An award of fees would inure to the bankruptcy estate. This Court may exercise "related to" jurisdiction over the Fees Motions. *Id.*

This Court is authorized to hear the Fees Motion and submit proposed findings of fact and conclusions of law to the Dis-

trict Court pursuant to 28 U.S.C. Section 157(c)(1).

### Federal Rule of Bankruptcy Procedure 9011

■ Evergreen bases its Sanctions Motion on Federal Rule of Bankruptcy Procedure 9011. Rule 9011 contains a "safe harbor" provision requiring the party seeking sanctions to provide notice sanctions are being considered and an opportunity for the offensive pleading to be withdrawn or corrected:

> ... The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

.     .     .     .     .

Fed. R. Bankr.P. 9011(c)(1)(A).[3]

■ Evergreen served the Sanctions Motion on the Respondents on September 18, 2006 and filed it twenty-two days later on October 10, 2006. The Respondents contend Evergreen failed to comply with the twenty-one-day safe harbor provision and the Sanctions Motion is due to be dismissed on the basis the Sanctions Motion was filed one day prior to the expiration of the safe harbor period. The Respondents assert since Monday, October 9, 2006 was a federal holiday (Columbus Day), they had all day October 10, 2006 to withdraw the Recusal Motion.[4]

---

3. The purpose of the provision is:

> ... [T]o provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention

lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions. Rule 11, Fed.R.Civ.P. Advisory Committee Notes (1993 Amendments).

4. Federal Rule of Bankruptcy Procedure 9006 sets forth rules for computing time periods. "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday...." Fed. R. Bankr.P.

Evergreen substantially complied with the Rule 9011 safe harbor provision. The Respondents were provided at least twenty days to withdraw or correct the Recusal Motion. The fact Monday, October 9, 2006 was a federal holiday did not prevent the Respondents from withdrawing or correcting the Recusal Motion given filings can be made twenty-four hours a day, seven days a week, through the Court's CM/ECF electronic filing procedures.

The Respondents have not been prejudiced by the October 10th Sanctions Motion filing. Their actions reflect they had no intention of withdrawing or correcting the Recusal Motion. Their intention to pursue the Recusal Motion was evident on *October 10, 2006*. The Respondents, just after Evergreen filed the Sanctions Motion on October 10th, filed an Opposition (Doc. No. 1543) seeking to compel the undersigned Judge to submit to testifying as a witness at the Recusal Motion trial.[5] A hearing on the witness exclusion issue and other matters related to the Recusal Motion was held the next day, October 11, 2006, at which the Respondents appeared and, among other things, argued the Opposition. The Respondents did not raise any issues related to the Sanctions Motion.

The Respondents, despite numerous opportunities to withdraw or correct the Recusal Motion, never withdrew or corrected the pleading. They gave no indication whatsoever of an intention to withdraw or correct the pleading. They litigated the Recusal Motion through trial. The Respondents, from the filing of the Recusal Motion on July 27, 2006 to the entry on February 27, 2007 of the Order denying the Recusal Motion: (i) filed nineteen substantive pleadings and made eleven appearances in the Evergreen case relating to the Recusal Motion; (ii) instituted and litigated an appeal of the Order excluding the undersigned Judge as a witness (Doc. No. 1550)[6]; and (iii) filed and litigated in the District Court three petitions seeking writs of mandamus against the undersigned Judge.[7]

Evergreen, by letter sent to the Respondents dated January 22, 2007 (Doc. No. 1629), offered the Respondents an opportunity to withdraw the Recusal Motion prior to the conclusion of the Recusal Motion trial: "We therefore invite the [Respondents] to withdraw the motion." The Respondents did not withdraw the Recusal Motion or respond to the letter.

The Respondents raised the safe harbor issue for the first time in their Response to the Sanctions Motion filed on May 15, 2007—almost six months after Evergreen filed the Sanctions Motion. The Respondents' delay in raising the safe harbor issue reflects it was not a significant issue for them until the Recusal Motion was denied and they recognized they may be

---

9006(a) (2006). Columbus Day is a legal holiday.

**5.** The Respondents' prayer for relief makes clear their intention to litigate and not withdraw the Recusal Motion in which their clients requested: "that the Motion [to exclude the undersigned as a witness] be denied, or alternatively that a neutral judge preside[ ] over a hearing on the [Recusal] Motion or that Judge Briskman make a full disclosure on the record consistent with the foregoing, and for any such other and further relief this

Court deems just and equitable." Doc. No. 1543 at p. 5.

**6.** District Court Case No. 6:06–cv–01867–JA. The Respondents were also litigating their appeal (District Court Case No. 6:06–cv–00837–JA) of the Judgment entered against their clients on March 22, 2006 in *Cuthill v. Knight, et al.,* AP No. 6:01–ap–00232–ABB.

**7.** District Court Case No. 6:06–cv–01210–JA–KRS (filed August 14, 2006); District Court Case No. 6:06–cv–01807–JA–JGG (filed November 27, 2006).

subject to sanctions. They had numerous opportunities to bring the issue to the Court's attention and did not raise it until they were *directed* to file a response to the Sanctions Motion (*see* Order entered on April 10, 2007 (Doc. No. 1648)).

■ The Respondents should not be allowed to escape liability where Evergreen substantially complied, but did not strictly comply with Rule 9011, and such noncompliance caused the Respondents no prejudice. Where the safe harbor provision of Rule 9011 was substantially complied with a sanctions motion should be heard on the merits. *See Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir.2003) (holding defendants were entitled to a decision on the merits on Rule 11 sanctions where they substantially complied with Rule 11(c)(1)(A) by sending a letter rather than serving a motion); *Hadden v. Letzgus*, 1997 WL 434413, 121 F.3d 708 (Table) (6th Cir.1997) (finding in the face of continued litigation "technical non-compliance [with the safe harbor] did not prejudice plaintiffs."); *Cardillo v. Cardillo*, 360 F.Supp.2d 402, 419 (D.R.I.2005) (finding movant's technical noncompliance with Rule 11 did not bar his request for relief).

■ The safe harbor protection of Rule 9011 is not jurisdictional and is waiveable. *Rector v. Approved Fed. Sav. Bank*, 265 F.3d 248, 253 (4th Cir.2001); *Giganti v. Gen–X Strategies, Inc.*, 222 F.R.D. 299, 306–07 (E.D.Va.2004) (finding

knowing waiver of the twenty-one-day period where plaintiffs took no steps in the first twenty days to withdraw the offending claims and on the twenty-first day continued to litigate).[8]

■ The Respondents did not demonstrate any intention of withdrawing the Recusal Motion or availing themselves of Rule 9011's safe harbor provision. They waived the safe harbor provision through their failure to withdraw and continued litigation of the Recusal Motion. The Sanctions Motion is not subject to dismissal and is due to be heard and determined on the merits.[9]

### 11 U.S.C. Section 105(a)

■ Federal Rule of Bankruptcy Procedure 9011 allows for sanctions to be imposed where a paper is presented to the court for "any improper purpose" or the "claims, defenses, and other legal contentions" are unsupported. Fed. R. Bankr.P. 9011(b)(1), (2). The allegations and other factual contentions just "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bankr.P. 9011(b)(3). Sanctions may be imposed against the attorneys, law firms, and/or the parties. Fed. R. Bankr.P. 9011(c). The Court has an inherent power to sanction conduct independent of Rule 9011. *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575

---

**8.** Additionally, Federal Rule of Bankruptcy Procedure 9006(c) allows the Court, without motion or notice, for cause, to enlarge or reduce the time for taking action pursuant to the Rules. Reduction is not permitted for certain specified Rules. Rule 9011 is not excluded from the time periods that may be enlarged or reduced by the Court. Therefore, the 21–day safe harbor provision of Rule 9011 may be reduced or enlarged.

**9.** Throughout the Eleventh Circuit the Courts recognize a "strong policy of resolving issues on the merits, rather than on procedural technicalities...." *Whitehead v. School Bd. for Hillsborough County, State of Fla.*, 932 F.Supp. 1396, 1399 (M.D.Fla.1996); *Morroni v. Gunderson*, 169 F.R.D. 168, 171 (M.D.Fla. 1996) ("... [B]ecause of the Eleventh Circuit's strong policy of resolving issues on the merits and not on procedural technicalities, the Court has judicial discretion to overlook Plaintiff's untimeliness.").

(11th Cir.1995) (*citing Chambers v. NAS-CO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "Therefore, although certain conduct may or may not be violative of Rule 11 or Bankruptcy Rule 9011, it does not necessarily mean that a party will escape sanctions under the court's inherent powers." *Id.*

▇▇▇ A Bankruptcy Court has statutory powers deriving from Section 105 of the Bankruptcy Code to address wrongful conduct. *Hardy v. U.S. (In re Hardy)*, 97 F.3d 1384, 1389 (11th Cir.1996); *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1543 (11th Cir.1996) (explaining Section 105(a) is distinct from the court's inherent powers). Section 105(a) of the Bankruptcy Code grants a bankruptcy court broad power in the administration of bankruptcy cases:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The inclusion of the word "any" in Section 105(a) "... encompasses all forms of orders including those that award monetary relief.... The broad term 'any' is only limited to those orders that are 'necessary or appropriate' to carry out the Bankruptcy Code." *In re Jove*, 92 F.3d at 1554.

▇▇▇ A Bankruptcy Court may invoke its statutory powers of Section 105(a) to redress Rule 9011 violations, bad faith, and unreasonable, vexatious litigation. *In re Volpert*, 110 F.3d at 500. The Respondents presented the Recusal Motion through their signing, filing, submitting,

and advocating of the pleading. Their actions are governed by Rule 9011 and may be subject to sanctions pursuant to Rule 9011 and the Court's Section 105(a) powers to address wrongful conduct.

### *Bifurcation Request*

▇▇▇ Ginsberg, through his Motion to Bifurcate Proceedings, seeks to have the issues relating to his liability pursuant to Rule 9011 and 28 U.S.C. Section 1927 bifurcated from the issues relating to damages. Evergreen opposes bifurcation. Federal Rule of Civil Procedure 42(b) allows a court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy ...," to bifurcate a trial of "any claim, or of any separate issue...." Fed.R.Civ.P. 42(b). The decision whether to bifurcate a trial is within the discretion of the trial court. *In re Koger*, 261 B.R. 528, 531 (Bankr.M.D.Fla.2001). The party requesting bifurcation has the burden to establish bifurcation is warranted. *Id.*

▇▇▇ Bifurcation of the Sanctions and Fees Motions proceedings would adversely impact the efficient and expeditious resolution of the Motions. Ginsburg has not established a basis for bifurcating the proceedings. His Motion to Bifurcate Proceedings is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that Ginsberg's Motion to Bifurcate Proceedings (Doc. No. 1661) is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Respondents' motions (contained within their responses and supplemental briefs) to dismiss the Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 and the Motion for Fees and Costs Pursuant to 28

U.S.C. § 1927 are hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that this Court shall conduct an evidentiary hearing on the Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 (Doc. No. 1624) and submit proposed findings of fact and conclusions of law to the United States District Court for the Middle District of Florida in accordance with 28 U.S.C. Section 157(c)(1); and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Respondents' request to dismiss the Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 (Doc. 1542) is hereby DENIED; and it is further

**ORDERED, ADJUDGED and DE-CREED** that this Court is empowered by 11 U.S.C. Section 105(a) to determine whether sanctions should be imposed against the Respondents in connection with their actions relating to the Recusal Motion; and it is further

**ORDERED, ADJUDGED and DE-CREED** that a Continued Status Conference shall be held on the Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 and the Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 on July 26, 2007 at 11:00 a.m.; and it is further

**ORDERED, ADJUDGED and DE-CREED** that a Final Evidentiary Hearing on the Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 and the Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 shall be held on August 28, 2007 at 10:00 a.m.