NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0082n.06
Filed: January 28, 2008

Case No. 06-2333

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SANDRA K. PARROTT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| TROY CORLEY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: BATCHELDER and MOORE, Circuit Judges; BUNNING**[*]**, District Judge.**

**DAVID L. BUNNING, District Judge.** This appeal arises out of litigation between Sandra K. Parrott and Troy Corley. Plaintiff's counsel, Jon D. Kreucher, appeals the district court's order imposing sanctions on him pursuant to 28 U.S.C. § 1927. Kreucher argues that the district court abused its discretion by imposing sanctions based on erroneous assessments of the law and the evidence. We disagree and affirm the judgment of the district court.

## I. BACKGROUND

Defendant publishes "CorleyGuides," books that highlight free and fun activities in large cities. *Parrott v. Corley*, No. 05-74552, 2006 WL 2471943, at *1 (E.D. Mich. Aug. 24, 2006).

_____

[*]The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Plaintiff began working with Defendant in November of 2004, authoring "write-ups" to be used in the Orange County CorleyGuide. *Id*. On December 17, 2004, the parties entered into a contract whereby Plaintiff agreed to contribute at least 350 write-ups for inclusion in *Free New York City: The Ultimate Guide to the Big Apple*. *Id*. Relevant to this appeal, the contract contained an arbitration clause, which provided that "[a]ll disputes or claims arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration." *Id*.

On December 1, 2005, Attorney Kreucher filed a verified complaint on behalf of his client, Sandra K. Parrott. *Id*. at *2. In her amended complaint, Plaintiff alleged claims for: (1) breach of contract; (2) unjust enrichment; (3) tortious interference with Plaintiff's prospective business relationships; (4) statutory infringement of Plaintiff's copyrights; (5) unfair trade practice in violation of the Lanham Trade-Mark Act; (6) idea misappropriation; and (7) conversion. *Id*. Plaintiff sought both money damages and injunctive relief. *Id*. Defendant filed a motion to compel arbitration and to dismiss or, in the alternative, to stay proceedings. *Id*. Defendant also moved for sanctions. *Id*.

The day before the hearing on Defendant's motion, Plaintiff, through her counsel, voluntarily dismissed her Amended Complaint. *Id*. Thus, the only part of the motion that was left for the district court to address was Defendant's request for sanctions under 28 U.S.C. § 1927. *Id*. After the hearing, the district court entered an order imposing sanctions on Kreucher. *Id*. at 3. Kreucher filed a Motion for Relief from Order, J.A. at 110-28, which was denied by the district court, Dist. Ct. Doc. Entry #29. This appeal follows.

## II. ANALYSIS

The imposition of sanctions pursuant to 28 U.S.C. § 1927 is reviewed for an abuse of

discretion. *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (*citing In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). *See also Jones v. Cont'l Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986). Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"An attorney is liable under § 1927 solely for excessive costs resulting from the violative conduct." *Ridder*, 109 F.3d at 299. "A sanctioned attorney is thus required to personally satisfy the excess costs attributable to his misconduct." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (*citing In re Ruben*, 825 F.2d at 983).

This Court set forth the standard for imposing fees under § 1927 in *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002), providing:

> [S]anctions may be awarded against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. We construe "vexatiously multiplying proceedings" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). We have also held that § 1927 sanctions are appropriate where "an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). Simple inadvertence and negligence are not grounds for imposing § 1927 sanctions. *See Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997).

On the facts of this case, the Court cannot conclude that the district judge abused her discretion by imposing sanctions for "unreasonably multipl[ying] the proceedings by contesting

Defendant's motion to compel arbitration and simultaneously pursuing a motion for preliminary injunction on claims it should have known were arbitrable" – conduct which clearly falls within the parameters of the conduct prohibited by § 1927. *Parrott*, 2006 WL 2471943, at *3. The district court was within its discretion to find that Plaintiff's voluntary dismissal on the eve of the hearing served as "evidence that Plaintiff's counsel knew or should have known that resistance to arbitration ... was frivolous." *Id*.

Importantly, the district court did not merely "rubberstamp" the monetary sanction requested by Defendant. Defendant's counsel submitted an affidavit, requesting $10,345.77 in attorney fees and costs. *Id*. The district court reviewed the affidavit and supporting documentation and concluded that Defendant's counsel "improperly included fees associated with settlement, review of complaints and other issues unrelated to the excessive costs associated with the motion to compel arbitration and response to Plaintiff's motion for a preliminary injunction." *Id*. After applying Defendant's counsel's practice of reducing allowable attorney fees by 30 percent and paralegal or intern fees by 80 percent, the court approved $6,570.75 in sanctions ($3,812.50 in connection with Defendant's motion to compel arbitration and $2,758.25 in connection with Defendant's response to Plaintiff's motion for preliminary injunction). *Id*. The district court refused to award any excess costs, citing the absence of documentation supporting such a request. *Id*. This detailed analysis evidences the pains the district court took to arrive at an appropriate monetary sanction and undermines any suggestion that the district court abused its discretion by imposing sanctions on Kreucher.

Kreucher made various other arguments on appeal, only a few of which warrant further comment. For example, he argues that his actions fall exclusively within the conduct proscribed by

4

Rule 11. However, the Court finds that the district court was well within its discretion to impose sanctions under § 1927. Nothing required the district court to construe Defendant's motion for sanctions as a request for Rule 11 sanctions, as opposed to § 1927 sanctions. Plaintiff's counsel also argues that his due process rights were violated by the imposition of sanctions.[1] This argument lacks merit. "[B]efore the imposition of sanctions, the attorney must be given notice and an opportunity to be heard." *Cook v. Am. Steamship Co.*, 134 F.3d 771, 775 (6th Cir. 1998) (*citing Roadway Express Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The notice provided by the district court in this case did not violate Kreucher's due process rights. Kreucher argued his case in writing and at a hearing which specifically addressed the issue of sanctions.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court imposing sanctions pursuant to 28 U.S.C. § 1927.

\\ca6cin4\unpub\Published\08a0082n-06.txt

---

[1]To the extent that Kreucher argues that his due process rights were violated and that the district court erred in its statutory interpretation, the applicable standard of review is de novo. *See Anmex, Inc. v. United States*, 367 F.3d 530, 533 (6th Cir. 2004).