Burns, Tennessee, for which execution may issue, if necessary.

DeShon EWAN, et al.

v.

The HARDISON LAW FIRM, et al.

Court of Appeals of Tennessee, at Jackson.

June 17, 2014 Session.

July 31, 2014.

Application for Permission to Appeal Denied by Supreme Court Oct. 1, 2014.

Richard Glassman, Edwin E. Wallis, III, and William Terrell, Memphis, Tennessee, for the appellant, Jonathan T. Martin.

Robert M. Fargarson, Daniel F.B. Peel, Ted S. Angelakis, and Daniel A. Seward,

Memphis, Tennessee, for the appellees, DeShon Ewan and Patrick Ewan.

## OPINION

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and DONALD E. PARISH, SP. J., joined.

Defendant appeals the trial court's order of voluntary dismissal of Plaintiffs' complaint. Defendant argues that Plaintiffs were not entitled to a voluntary dismissal because a motion for summary judgment was filed prior to the entry of the order on the nonsuit. We hold that a motion for summary judgment filed after a written notice of nonsuit has been filed does not preclude the plaintiff's right to take a voluntary dismissal pursuant to Rule 41 of the Tennessee Rules of Civil Procedure. We also conclude that the Defendant is not entitled to sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. Affirmed and Remanded.

## Background

Plaintiff/Appellee DeShon Ewan was involved in an automobile accident in Collierville, Tennessee with Jason Whitby, an employee of M & W Trees,[1] owned by John Mosely and Sharon Mosely (collectively, the "original defendants"). As a result of the accident, Ms. Ewan suffered severe injuries.

On March 3, 2006, Ms. Ewan and her husband (together, "the Ewans") filed a lawsuit in the Circuit Court of Shelby County, Tennessee ("the Circuit Court personal injury action"), to recover compensatory damages and punitive damages against the original defendants arising from the accident. At the time of the accident, the vehicle being driven by Jason Whitby was covered by a policy of insurance issued by Hartford Insurance Company ("Hartford Insurance"). Hartford Insurance hired Defendant/Appellant Jonathan T. Martin ("Mr.Martin"), and his firm, Defendant The Hardison Law Firm ("The Hardison Firm"), as counsel for the original defendants. During the pendency of the Circuit Court personal injury action, Mr. Martin allegedly made numerous written representations to the Ewans' attorneys that there was only one applicable insurance policy, a single limit automobile policy, insuring Jason Whitby and the other original defendants in the amount of $500,000. Around June 9, 2006, the Ewans entered into a Release and Settlement agreement with the original defendants, allegedly relying upon material representations that there was no other insurance covering the original defendants except for the one $500,000 policy.

On March 20, 2008, a copy of the Business Insurance Policy ("Business Policy"), which was issued by Hartford Casualty Insurance, was first produced to the Ewans' counsel. The Ewans contend the policy insured the original defendants' with limits of $1,000,000.00. The Ewans filed suit in Chancery Court on March 20, 2009, against The Hardison Firm and Mr. Martin (collectively, "Defendants"), seeking a declaratory judgment and rescission of their Settlement Agreement and Release. On May 4, 2009, Defendants filed their first Motion for Sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. On May 8, 2009, the Defendants also filed a Motion for Summary Judgment asserting that the they were not

---

1. The complaint also named as parties other various names used for John Mosely's tree service.

a party to either the settlement or the releases.

The Ewans filed an Amended Complaint on May 21, 2009, adding claims for compensatory and punitive damages on grounds of fraud, misrepresentation, and deceit, allegedly arising from Defendants' failure to disclose the Business Policy prior to the settlement. Defendants filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment on October 30, 2009, arguing that the language of the Release and Settlement Agreements released all claims against them despite the Ewans' claim of fraud in the inducement. On the same day, Defendants filed a memorandum in support of their earlier request for sanctions. The trial court denied Defendants' first request for sanctions on March 1, 2011. The court ruled that the Ewans' counsel had reasonable cause under the facts to file such pleadings to recover for damages for injuries suffered by the Ewans. The denial of the Defendants' first request for sanctions is not at issue in this appeal.

On March 2, 2011, however, the trial court granted the Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, on the basis of the Release and Settlement Agreements. The trial court ruled that the language of the releases was "strong" and that it, therefore, released any and all claims that might have been raised by the Ewans. The trial court declined to consider any evidence of extrinsic fraud. The Ewans appealed and this Court held that the trial court erred in failing to consider any evidence of extrinsic fraud. *See Ewan v. Hardison Law Firm,* No. W2011–00763–COA–R3–CV, 2012 WL 1269148 (Tenn.Ct. App. April 16, 2012). The cause was then remanded back to the trial court for further proceedings. Another hearing was held on the Defendants' Summary Judg-ment motion on remand, in which hearing the trial court denied the motion. An order denying the Defendant's Motion for Summary Judgment was entered on October 23, 2012. As of this date, no summary judgment motions or requests for sanctions were pending in the trial court.

In the meantime, Hartford Insurance filed a declaratory judgment action in federal court, seeking a determination of whether the Business Policy at issue provided coverage for the damages sustained in the underlying accident ("the federal declaratory judgment proceeding"). The Chancery Court action was stayed pending resolution of the federal action. On September 4, 2012, the federal district court held that the Business Policy does not provide coverage for the underlying accident, and noted that any claim of fraud based upon failure to disclose that policy would be moot. The Ewans appealed the district court's ruling to United States Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed the judgment of the district court on August 28, 2013. *See Hartford Cas. Ins. Co. v. Ewan,* 536 Fed. Appx. 553 (6th Cir.2013), *cert. denied* —— U.S. ——, 134 S.Ct. 1307, 188 L.Ed.2d 303 (2014).

On September 5, 2013, the Ewans filed a written notice of voluntary nonsuit of their Chancery Court action. Before an order of nonsuit was entered, on September 12, 2013, the Defendants filed a Renewed Motion for Summary Judgment. On November 8, 2013, the Defendants filed a response opposing the nonsuit, arguing that because their motion for summary judgment was filed prior to the entry of the order on the nonsuit, the Ewans were no longer entitled to a nonsuit. In this pleading, the Defendants also requested sanctions under Rule 11. On November 14, 2013, the trial court held a hearing on the issue of whether the Ewans were entitled

to a nonsuit. The trial court orally ruled that the Ewans were entitled to nonsuit their case. In its oral ruling, the trial court explained that, due to the nonsuit, it believed there was no need to consider the requests filed by Defendants after the notice of nonsuit was filed by the Ewans, impliedly denying the motion for summary judgment and the request for sanctions. The trial court entered a written order of voluntary dismissal without prejudice on November 14, 2013. Mr. Martin appealed.[2]

### Issues Presented

Mr. Martin raises the following issues on appeal, which are taken from his brief:

1. Whether the trial court erred in granting an Order of Voluntary Nonsuit and Dismissal Without Prejudice when a Motion for Summary Judgment was filed before the Order of Voluntary Nonsuit and Dismissal was entered, but after the notice of Voluntary Nonsuit and Dismissal was filed.

2. Whether the trial court erred in refusing to award sanctions to the Defendants.

In the posture of appellees, the Ewans also raise the following issue, which is taken from their brief: "Whether Mr. Martin's appeal is frivolous and whether the Ewans should be awarded their attorney's fees and costs."

### Analysis

The question in this case is whether a summary judgment motion filed after a plaintiff has given notice that it will take a nonsuit, but before the entry of the order on the nonsuit, bars the plaintiff's right to voluntarily dismiss the matter without prejudice. We conclude that only a summary judgment motion filed before the plaintiff has filed a written notice of nonsuit, or provided an oral notice of dismissal in open court during a trial of a cause, will deprive the plaintiff of the right to voluntarily dismiss his or her lawsuit without prejudice.

In Tennessee, the plaintiff has a right to voluntarily dismiss[3] his or her lawsuit under certain circumstances, which are outlined in Rule 41.01 of the Tennessee Rules of Civil Procedure:

(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute,[4] and **except when a motion for summary judgment made by an adverse party is pending,** the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; . . . .

\* \* \*

▇▇▇ (3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the

---

**2.** Although The Hardison Firm did not file a notice of appeal or otherwise participate in this appeal, at oral argument, counsel for Mr. Martin indicated that The Hardison Firm agrees with the assertions made by Mr. Martin in his appellate argument.

**3.** We will use the terms "voluntary dismissal" and "nonsuit" interchangeably.

**4.** None of the statutory exceptions apply in this case.

order will govern the running of pertinent time periods.

Tenn. R. Civ. P. 41.01(1) (emphasis added). Consequently, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." *Lacy v. Cox,* 152 S.W.3d 480, 484 (Tenn.2004) (footnote omitted) (citing *Anderson v. Smith,* 521 S.W.2d 787, 790 (Tenn.1975)). In addition,

> A plaintiff is further limited to taking no more than two nonsuits without prejudice, Tenn. R. Civ. P. 41.01(2), and nonsuit cannot be taken more than one year after an initial dismissal. As long as none of these exceptions and limitations serve to restrict dismissal, Rule 41.01(1) affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires. *Rickets v. Sexton,* 533 S.W.2d 293, 294 (Tenn.1976).

*Lacy,* 152 S.W.3d at 484. Thus, "in most situations a voluntary non-suit may be taken **as a matter of right.** However, such is not the case when a motion for summary judgment is pending." *Clevenger v. Baptist Health Systems,* 974 S.W.2d 699, 700 (Tenn.Ct.App.1997) (emphasis added). The Tennessee Supreme Court has also held that "under a proper set of circumstances, the Court has the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment." *Stewart v. University of Tennessee,* 519 S.W.2d 591, 593 (Tenn.1974).

■ In this case, the Ewans undisputedly filed a written notice of nonsuit on September 5, 2013. There is no dispute that this notice was properly filed and served pursuant to Rule 41.01(1). A week later, on September 12, 2013, the Defen-

dants filed a Motion for Summary Judgment. The Defendants later requested sanctions. Because the trial court had not yet entered an order on the Ewans' notice of nonsuit, the Defendants argued that the above exception applied to bar the Ewans from taking a voluntary dismissal.

■ In contrast, the Ewans assert that pursuant to Rule 41.01, they are entitled to a nonsuit so long as the written notice of nonsuit is filed prior to the filing of a motion for summary judgment. To support this argument, the Ewans rely on the Tennessee Supreme Court's 1976 decision in *Rickets v. Sexton,* 533 S.W.2d 293, 294 (Tenn.1976). In *Rickets,* the plaintiffs filed a "motion for voluntary dismissal" one day prior to the scheduled trial. The trial court "disallowed" the motion, finding that it would be prejudicial to one of the defendants. The Tennessee Supreme Court reversed, holding that the ability to take a nonsuit is a "[f]ree and unrestricted" right belonging to the plaintiff. *Id.* at 294. Further, the Tennessee Supreme Court clarified that the right to take a nonsuit is not dependent on any action of the trial court:

> (1) The rule specifies that a plaintiff 'shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause'. **This portion of the rule is not dependent upon the determination of the trial judge.** The lawyer for the plaintiff is the sole judge of the matter and the trial judge has no control over it. It is not necessary that he approve the action of plaintiff's counsel by signing any order; nor may he nullify the rules by an order 'disallowing' the nonsuit. **All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions**

**above noted, is the filing of a written notice of dismissal.**

*Id.* (emphasis added). Thus, pursuant to *Rickets,* the operative act is when the plaintiff announces or files the notice of nonsuit, not when the court acts upon it. Action on the part of the trial judge is simply not required under *Rickets* for the plaintiff to "take" a nonsuit. *See Black's Law Dictionary* 1590 (9th ed.2009) (defining "take," as, *inter alia,* "[t]o claim one's right under").

Mr. Martin does not cite *Rickets* in his appellate brief. Instead, Mr. Martin points out that the rule governing the plaintiff's right to take a nonsuit was altered in 2004 to require the trial court to enter an order on the nonsuit. *See* Tenn. R. Civ. P. 41.01(3). Based upon this change, Mr. Martin argues that a summary judgment motion filed prior to the entry of an order on the nonsuit deprives the plaintiff of the right to take the nonsuit. Inferentially, we assume that Mr. Martin argues that the holding in *Rickets* was altered by the 2004 amendment. Accordingly, we turn to consider that issue.

As previously discussed, Rule 41.01 currently provides that:

A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Tenn. R. Civ. P. 41.01(3). At the time the *Rickets* decision was decided, the nonsuit rule contained no requirement that a written order be entered on the nonsuit. Indeed, as discussed above, the *Rickets* decision seemed to imply that no order was required. The question of whether an order was required, however, was not directly at issue in *Rickets.*

The Tennessee Supreme Court was later faced with the very question alluded to in *Rickets.* In *Green v. Moore,* 101 S.W.3d 415 (Tenn.2003), the Tennessee Supreme Court considered the question of what event in the trial court commenced the thirty-day period for filing a notice of appeal—the written notice of a nonsuit filed by the plaintiff· or the order on the voluntary dismissal. In *Green,* the trial court granted motions for summary judgment dismissing all of the plaintiff's claims. In response, on February 5, 2002, the defendants filed a motion to voluntarily dismiss their counter-claim pursuant to Rule 41.01, the only remaining claim in the lawsuit. *Id.* at 417. The trial court later entered an order on March 13, 2002, "which confirmed that 'as of February 5, 200[2], all claims of all parties in this action have been adjudicated and this action has therefore been concluded.'" *Id.* (quoting the trial court order). The plaintiff filed her notice of appeal within thirty days of the trial court's March 13, 2002 order, but beyond thirty days from the filing of the notice of the voluntary dismissal.

On appeal, the defendants argued that the appellate court lacked jurisdiction because the notice of appeal was untimely, relying on the *Rickets* Court's language that a trial court need not sign an order of voluntary dismissal. · *Id.* at 418 (citing *Rickets,* 533 S.W.2d at 294) ("It is not necessary that he approve the action of plaintiff's counsel by signing any order[.]"). In contrast, the plaintiff argued that the notice of appeal was timely where it was filed within thirty days of the entry of the order on the nonsuit, citing *Evans v. Perkey,* 647 S.W.2d 636 (Tenn.Ct.App.1982), which held that the *Rickets* decision concerned only the plaintiff's right to take a nonsuit, rather than when the thirty-day appeals period commenced. According to the *Evans* Court:

At first blush the reading of the third sentence quoted [i.e., that nothing more than written notice of dismissal is required to voluntarily end a case] above would indicate that nothing more than the written notice is necessary to finalize the case. However, this statement of the court is dicta and not necessarily pertinent to the *Rickets* case or to the case at bar.

*Id.* at 640. Regardless of the plaintiff's right to take a nonsuit, the *Evans* Court held that a case was not final, and appealable, until a written order is entered disposing of all the claims therein. *Id.* at 641.

■ The Tennessee Supreme Court in *Green* agreed with the *Evans* Court's interpretation of *Rickets* and held that an order on a nonsuit was required for purposes of determining when the thirty-day appeal period commenced. The Court, however, did not overturn the decision in *Rickets,* instead citing with approval the following language from *Evans:*

In *Rickets* the [C]ourt was concerned with the right of a party to take a voluntary nonsuit and the lack of the power of the court to deprive him of that right. We construe the *Rickets* [C]ourt to be saying that the plaintiff in that case had done all that was required to be done when he gave written notice of his intention to take a nonsuit. It was not necessary for the court to grant permission or enter an order permitting it to be done.

*Green,* 101 S.W.3d at 419 (citing *Evans,* 647 S.W.2d at 640–41). As the *Green* Court explained:

*Rickets* stands for the proposition that, except in very limited circumstances, a party can take a voluntary nonsuit without permission from the trial court. If filing a notice of voluntary nonsuit was all that was required to conclude an action, the Court of Appeals could then receive the appeal without the trial court ever entering an order or assessing costs. Such a holding would be contrary to common sense and our own precedent. As the Court of Appeals correctly noted in *Evans,* a "[c]ourt speaks only through its written judgments, duly entered upon its minutes." *Evans,* 647 S.W.2d at 641; *see also Ivey v. State,* 210 Tenn. 422, 360 S.W.2d 1, 2 (1962); *Lewis ex rel. Lewis v. Brooks,* 66 S.W.3d 883, 886 (Tenn.Ct.App.2001); *City of Newport v. Masengill Auction Co.,* 19 S.W.3d 789, 795 (Tenn.Ct.App.1999).

*Green,* 101 S.W.3d at 419–20. Thus, the Tennessee Supreme Court held that a written order of dismissal was required in order to facilitate the administrative tasks of assessing costs and commencing the thirty-day appeal period.

In apparent response to the 2003 decision in *Green,* Rule 41.01 was amended in 2004 to expressly require a written order on the nonsuit, which order would commence the thirty day appeal period. *See* Tenn. R. Civ. P. 41.01(3);1 Tenn. Cir. Ct. Prac. § 23:1 (2013) (indicating that the 2004 amendment was in response to the decision in *Green* ). The language allowing a plaintiff to "take" a nonsuit at any time when a motion for summary judgment is not pending, or another exception was present, was not altered by the 2004 amendment.

Mr. Martin argues, however, that the addition of the order requirement in Rule 41.01(3) altered the question of when the nonsuit is "taken." According to Mr. Martin, because the nonsuit can only become effective upon the entry of a written order, a motion for summary judgment filed prior to the entry of the order on the nonsuit forestalls the plaintiff's right to take a nonsuit. Specifically, Mr. Martin cites this Court's Opinion in *Cunningham v. Cunningham,* No. W2006–02685–COA–R3–CV,

2008 WL 2521425 (Tenn.Ct.App. June 25, 2008), which states:

> A judgment must be reduced to writing in order to be valid. It is inchoate, and has no force whatever, until it has been reduced to writing and entered on the minutes of the court, and is completely within the power of the judge or Chancellor. A judge may modify, reverse, or make any other change in his judgment that he may deem proper, until it is entered on the minutes, and he may then change, modify, vacate or amend it during that term, unless the term continues longer than thirty days after the entry of the judgment, and then until the end of the thirty days.

*Id.* at *5 (quoting *Broadway Motor Co., Inc. v. Fire Insurance Co.*, 12 Tenn.App. 278, 280 (1930)). Further, Mr. Martin notes that "when a plaintiff seeks to re-file an action after nonsuiting, the date of the refil[ ]ing is determined from the date of the final order, not the date of the notice." *See, e.g., Green,* 101 S.W.3d at 420.

We disagree with Mr. Martin's interpretation of the Rule 41.01 and conclude that the 2004 amendment did not alter the central holding in *Rickets* that the act of "taking" a nonsuit is not dependent on any action of the trial court. From our research, the *Rickets* Opinion's holding that the right to take a nonsuit is "not dependent upon the determination of the trial judge," has not been overruled by any Court. *See Evans,* 647 S.W.2d at 640–41 (agreeing with *Rickets* that in order to take a nonsuit, "the plaintiff . . . ha[s] done all that [i]s required to be done [by giving] written notice of his intention to take a nonsuit"); *see also Green,* 101 S.W.3d at 419–20 (agreeing with *Evans'* interpretation of *Rickets* ). Indeed, the Tennessee Supreme Court indicated that Rule 41.01(3)'s requirement of a written order dismissing the case does not alter the holding in *Rickets* that "[t]he lawyer for the plaintiff is the sole judge of the matter and the trial court has no control over it." *Lacy v. Cox,* 152 S.W.3d 480, 484 (Tenn. 2004) (citing *Rickets,* 533 S.W.2d at 294). Instead, the Tennessee Supreme Court held that the requirement of an order on the voluntary dismissal serves only "ministerial and procedural purposes." *Lacy v. Cox,* 152 S.W.3d at 484. Further, the Advisory Committee comment to the 2004 amendment supports this interpretation, noting that the amendment "mandates a court order **after** the nonsuit." Tenn. R. Civ. P. 41.01(3), advisory comm. cmt to the 2004 amend. Thus, the nonsuit actually occurs prior to the entry of the order.

Although not addressing this narrow issue, we also find support for our interpretation of Rule 41.01 in other Opinions by this Court. For example, in *Lewis ex rel. Lewis v. Brooks,* 66 S.W.3d 883 (Tenn.Ct. App.2001), this Court affirmed the trial court's refusal to allow Plaintiff to nonsuit her case where "Defendants' motion for summary judgment was pending when [p]laintiff attempted to take a nonsuit." Thus, the *Lewis* Court expressly indicated that the summary judgment motion must not be pending prior to the plaintiff seeking a nonsuit, rather than when the trial court enters an order on that request.

This Court's interpretation of Rule 41.01 has not altered due to the 2004 amendment. Indeed, very recently in *Davis v. Ibach,* No. W2013–02514–COA–R3–CV, 2014 WL 3368847 (Tenn.Ct.App. July 9, 2014), this Court affirmed the plaintiff's free and unrestricted right to take a nonsuit, without prior court permission, when none of the exceptions in Rule 41.01 are present. In *Davis,* the plaintiff filed a written notice of nonsuit after learning that its certificate of good faith may not have complied with the Tennessee Medical Malpractice Act ("TMMA"). *Id.* at * 1.

The case was then dismissed without prejudice. On appeal, the defendants argued that the TMMA required that the case be dismissed with prejudice pursuant to the TMMA, which requires dismissal with prejudice for non-compliance with the good faith certificate requirement. *See* Tenn. Code Ann. § 29–26–122(c). This Court disagreed and held that unless an exception noted in Rule 41.01 existed, Rule 41.01(1) provides for the " 'free and unrestricted' right to dismiss an action without prejudice." *Davis*, 2014 WL 3368847, at *4 (quoting *Robles v. Vanderbilt University Medical Center*, M2010–01771–COA–R3–CV, 2011 WL 1532069, at *3 (Tenn.Ct. App. Apr. 19, 2011)). To support its decision, the Court considered the distinction between the federal nonsuit rule and Rule 41.01:

> Notably, the federal counterpart to Rule 41.01—Federal Rule of Civil Procedure 41(a)(2)—states that a party who wishes to voluntarily dismiss an action against a party who has filed an answer or motion for summary judgment must seek an order of the court or a stipulation. The court may grant the request "on terms that the court considers proper." Fed. R.Civ.P. 41(a)(2). "The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court.". . . . This is different from Tennessee Rule 41.01, which provides that a plaintiff has "right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause," with certain exceptions. Tenn. R. Civ. P. 41.01

*Davis*, 2014 WL 3368847, at *3, n. 9 (citation omitted) (quoting *Duncan v. Medical Education Assistance Corp.*, No. 2:12–CV–182, 2013 WL 1249574, at *2 (E.D.Tenn. Mar. 27, 2013)). Thus, the *Davis* Court emphasized that unlike in federal court, the right to take a nonsuit pursuant to

Tennessee law is not dependent on any action of the trial court, even after the 2004 amendment to Rule 41.01.

In another post–2004 case, *Peters v. Lamb*, No. E2008–00997–COA–R3–CV, 2009 WL 1470753 (Tenn.Ct.App. May 27, 2009), this Court considered the timing of the filing of a motion for summary judgment and the filing of a notice of nonsuit to determine whether the plaintiff was entitled to a nonsuit. In its decision, the Court focused not on the filing of any order granting a nonsuit (there was none), but instead on the timing of the filing of the notice of nonsuit. The question on appeal was whether the plaintiffs actually complied with Rule 41.01 in their attempt to give "written notice of dismissal." *Id.* at *3. According to the trial court:

> Plaintiffs' attorney placed a combined Motion and Order of Voluntary Non-suit in the undersigned's inbox/outbox in the Law Court Clerk's office for Johnson City on either April 25 or 26, 2007. The combined Motion and Order had an undated, unsigned certificate of service to [defendants'] attorney.

*Id.* at *1. The plaintiffs, however, did not serve a copy of the notice on the opposing party. The defendants filed a motion for summary judgment on April 27, 2007. *Id.* The Court concluded that the notice of nonsuit was not properly filed on either April 26 or April 27, and therefore, the pending summary judgment motion deprived the plaintiffs of the right to take a nonsuit:

> The issue presented is easily resolved. Plaintiffs, despite their apparent intention to take a voluntary nonsuit against [d]efendants, failed to comply with the filing and service requirements for doing so. Plaintiffs present no authority to support their position that lodging the motion and order in the manner de-

scribed was the "equivalent" of filing as required under Rule 41.01, and we find none.... This assertion is unsupported by the record. The record simply does not document precisely how the motion and order came to be in the trial judge's inbox. The trial court acknowledged only that it was there when he returned to his office on April 27th.

In fact, not only did Plaintiffs fail to file the motion and order for nonsuit before Defendants filed their motion for summary judgment, but it appears that these documents, in fact, had not even been filed as of the date of oral argument....

*Id.* at * 3–4. If the plaintiff's right to take a nonsuit was forestalled by the filing of a summary judgment motion prior to the entry of the order on the nonsuit pursuant to Rule 41.01(3), there would have been no need to consider the timing of the filing of the notice of nonsuit; under that reading of Rule 41.01, there could have been no dispute that the summary judgment motion was pending at the time the nonsuit order was entered. However, the Court clearly focused on the date of the filing of the notice of nonsuit, rather than the entry of an order signed by the trial court, to determine whether the plaintiff was entitled to a nonsuit as of right. This is the operative date in this case as well.

■ Based on the foregoing, we conclude that in order to divest a plaintiff of the right to take a voluntary dismissal pursuant to Rule 41.01, a motion for summary judgment must be filed prior to the date that the plaintiff files his or her notice of voluntary dismissal. Here, the Defendants filed their motion for summary judgment after the Ewans filed their notice of nonsuit. Thus, there was no pending motion for summary judgment at the time the nonsuit was taken by the Ewans that

would prevent the Ewans from exercising their right to nonsuit their case.

■ Notwithstanding the lack of a pending summary judgment motion, Mr. Martin argues that the Ewans' nonsuit is improper because to allow the voluntary dismissal would result in prejudice to the Defendants. As previously discussed, in addition to the express exceptions noted in Rule 41.01, a plaintiff's right to nonsuit is also subject to an implied exception, "which prohibits nonsuit when it would deprive the defendant of some vested right." *Lacy,* 152 S.W.3d at 484. Mr. Martin appears to argue that the nonsuit is improper for three reasons: (1) that the Ewans are not entitled to a nonsuit "as of right" because the case was "submitted to the trial court for determination on the merits on numerous occasions ..."; (2) that allowing a nonsuit after the multitude of proceedings on this issue (i.e., the underlying Circuit Court personal injury action, the federal declaratory judgment proceeding, and the current Chancery Court proceeding) would result in prejudice to the Defendants; and (3) that allowing the nonsuit when the Defendants can assert a valid defense to the claim would result in prejudice to the Defendants.

To support these arguments, Mr. Martin relies on the Tennessee Court of Appeals Opinion in *Hamilton v. Cook,* No. 02A01–9712–CV–00324, 1998 WL 704528 (Tenn. Ct.App. Oct. 12, 1998). In *Hamilton,* the plaintiffs filed a notice of voluntary dismissal after the trial court had orally granted a motion to dismiss the complaint. *Id.* at *2–3. Thereafter, the trial court refused to allow the plaintiffs to dismiss the case without prejudice and entered an order dismissing the case with prejudice pursuant to its earlier oral ruling. *Id.* at *3. This Court affirmed, holding that the because the case had been submitted to the trial court on the merits prior to the

taking of the nonsuit, the plaintiffs were not entitled to the nonsuit as a matter of right. *Id.* at \*4. The plaintiffs argued, however, that the trial court could have exercised its discretion to allow the plaintiffs to take a nonsuit notwithstanding the oral ruling granting the motion to dismiss. The Court of Appeals concluded that the trial court did not abuse its discretion, concluding that the defendants would be prejudiced if the plaintiffs were permitted to take a nonsuit because the defendants had shown valid defenses to the plaintiffs' claims. *Id.* at \*5.

We begin with Mr. Martin's assertion regarding the submission of the case to the trial court for a determination on the merits. As Mr. Martin points out, this Court has held that "in non-jury cases, the plaintiff has the right to take a voluntary dismissal 'until the matter has been finally submitted to the trial judge for decision.'" *Weedman v. Searcy,* 781 S.W.2d 855, 857 (Tenn.1989). Once the case has been finally submitted to the trial court for a determination on the merits, however, the plaintiff can no longer take a voluntary dismissal as a matter of right. *Id.* The *Hamilton* case is easily distinguishable from the case at bar. The issue in *Hamilton* was whether the trial court should have allowed a nonsuit notwithstanding the fact that the case had already been submitted to the trial court on the merits. *Hamilton,* 1998 WL 704528, at \*3–\*5. While Mr. Martin argues that this case had been submitted to the trial court on the merits, his assertion is not correct. Here, the trial court had considered two summary judgment motions, one of which was granted and then overturned by this Court, *see Ewan v. Hardison Law Firm,* No. W2011–00763–COA–R3–CV, 2012 WL 1269148 (Tenn.Ct.App. April 16, 2012), and one of which was denied. At the time the Ewans filed their notice of voluntary dismissal, there had been no effort to submit

the case to the trial court through the filing of a motion to dismiss or a motion for summary judgment, much less an oral ruling by the trial court granting dismissal. Thus, at the time the Ewans filed their notice of voluntary dismissal, the case had not been submitted to the trial court on the merits.

The procedural posture in *Hamilton* is also important to the determination of Mr. Martin's remaining arguments concerning the prejudice to the Defendants. In *Hamilton,* because the case had been submitted to the trial court on the merits, the plaintiffs no longer had the "right" to take a nonsuit. *Hamilton,* 1998 WL 704528, at \*4 ("Once the case finally has been submitted to the trial court for a determination on the merits, however, the plaintiff no longer can take a voluntary dismissal as a matter of right."). Thus, the question of whether the trial court should have, nevertheless, allowed a nonsuit was highly discretionary. As the *Hamilton* Court noted: "[W]here the **right to take a voluntary dismissal is in the discretion of the trial court,** the general rule is that the trial court should grant a voluntary dismissal, 'absent some showing of plain legal prejudice to the defendant.'" *Id.* at \*5 (emphasis added) (quoting *Oliver v. Hydro–Vac Servs. Inc.,* 873 S.W.2d 694, 696 (Tenn.Ct.App.1993) (quoting *Price v. Boyle Inv. Co.,* 1990 WL 60659, at \*3 (Tenn.Ct.App. May 11, 1990), *perm. app. denied* (Tenn. June 11, 1990))). The case-at-bar is different from *Hamilton* and the cases it cites: here there was no pending summary judgment motion and the case had not been submitted to the trial court for a determination on the merits. *See Oliver,* 873 S.W.2d at 696 (involving a nonsuit taken while a summary judgment motion was pending); *Price,* 1990 WL 60659, at \*3 (same). Accordingly, the rule in *Hamilton* that a nonsuit should not

be granted if it would cause "plain legal prejudice to the defendant" is simply not applicable to the case-at-bar. Instead, the higher standard that the nonsuit must "deprive the defendant of some vested right," is applicable in this situation. *Lacy*, 152 S.W.3d at 484. Nowhere in Mr. Martin's appellate brief does he assert that the Ewans' nonsuit deprives him of any vested right.

Further, the Court in *Hamilton* relies heavily on federal cases to support its decision that prejudice to the defendants may deprive the plaintiff of the ability to take a nonsuit, explaining:

> In construing the federal counterpart to rule 41.01, however, one court has found sufficient prejudice to exist where the defendant successfully has demonstrated a valid defense, such as the statute of limitations, to the plaintiff's claims. *See Metropolitan Fed. Bank v. W.R. Grace & Co.*, 999 F.2d 1257, 1262–63 (8th Cir. 1993). Another court has found sufficient prejudice to exist where the plaintiff moves for a voluntary dismissal after participating in a hearing where the trial judge expresses an adverse opinion on the merits of the plaintiff's claim. *See Piedmont Interstate Fair Ass'n v. Bean*, 209 F.2d 942, 947–48 (4th Cir.1954).

*Hamilton*, 1998 WL 704528, at *5. However, as previously discussed, the federal counterpart to Rule 41.01 injects considerably more judicial discretion into the plaintiff's ability to take a nonsuit. *See* Fed. R.Civ.P. 41(a)(2);[5] *see also Davis*, 2014 WL 3368847, at *3, n. 9 (noting the distinctions between Rule 41.01 and the federal

counterpart). While decisions of federal courts construing the Federal Rules of Civil Procedure may be "highly persuasive," they can only offer real guidance when the Tennessee rule at issue is "substantially similar" to the federal counterpart *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 940 n. 4 (Tenn.Ct.App.1984). Because the Tennessee rule and the federal are not substantially similar, Rule 41 of the Federal Rules of Civil Procedure offers little guidance as to the proper interpretation of Rule 41.01 in this limited issue. Finally, the rule in *Hamilton*, that a valid defense may be sufficient to prevent a plaintiff from taking a nonsuit, has not been cited or relied on by any other Tennessee cases. Under these circumstances, and without any assertion by Mr. Martin that the Ewans' nonsuit deprived him of a vested right, we decline to hold that the trial court abused its discretion in confirming the Ewans' right to take a nonsuit in this case.

### Sanctions

Mr. Martin next argues that notwithstanding the Ewans' voluntary dismissal, the trial court abused its discretion in failing to award Defendants sanctions under Rule 11 of the Tennessee Rules of Civil Procedure.

Sanctions are governed by two intertwined Rules of Civil Procedure, Rule 11.02 and Rule 11.03. First, Rule 11.02 provides, in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advo-

---

**5.** Rule 41 of the Federal Rules of Civil Procedure provides, in pertinent part:

> ***By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper.** If a defendant has pleaded a counterpart before being served with the

plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice. Fed.R.Civ.P. 41(a)(2) (emphasis added).

cating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02. Rule 11.03 provides, in pertinent part:

If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.

Tenn. R. Civ. P. 11.03. Thus, the trial court is empowered to award sanctions to an injured party when the opposing party has filed papers in the court for, *inter alia*, an improper or frivolous purpose. If the motion is granted, the court may award the movant "the reasonable expenses and attorney's fees incurred in presenting or opposing the motion," as well as appropriate sanctions. Tenn. R. Civ. P. 11.03(1)(a).

Rule 11.03 outlines the appropriate measure of sanctions to be awarded to the movant:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Tenn. R. Civ. P. 11.03(2).

 As this Court explained:

The courts are to apply a standard of "objective reasonableness under the circumstances" when determining whether conduct is sanctionable under Rule 11. *Hooker v. Sundquist*, 107 S.W.3d [532] at 536 [ (Tenn.Ct.App.2002) ] (citing *Andrews*, 812 S.W.2d at 288). "Sanctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required." *Id.* (quoting *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn.Ct.App.2001)). However, when deciding whether to impose sanctions under Rule 11, the trial court should consider all the circumstances. *Id.* "[T]he trial judge should consider not only the circumstances of the particular violation, but also the factors bearing on the reasonableness of the conduct, such as experience and past performance of the attorney, as well as the general standards of conduct of the bar of the court."

*Brown v. Shappley*, 290 S.W.3d 197, 202–03 (Tenn.Ct.App.2008). We review a trial court's decision to grant or deny sanctions pursuant to Rule 11 under the abuse of discretion standard. *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn.Ct.App.2008). A trial court abuses its discretion if it (1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous evaluation of the evidence. *Elliott v. Cobb*, 320 S.W.3d 246, 249–50 (Tenn.2010) (citation omitted); *see also Walker v. Sunrise Pontiac–GMC Truck, Inc.*, 249 S.W.3d 301, 308 (Tenn.2008) (citation omitted). A trial court also abuses its discretion if it "strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn.2010) (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn.2007)). We review the trial court's legal conclusions de novo with no presumption of correctness. *Id.* at 525 (citations omitted). We review the trial court's factual conclusions under the preponderance of the evidence standard. *Id.* (citations omitted).

█ As previously discussed, the first pleading filed in this case by the Defendants was a motion for sanctions on May 4, 2009. The motion asserted that there was no legal basis for the suit, and that it was merely a vehicle to harass the Defendants and cause unnecessary expense. The trial court denied this motion by order of March 1, 2011. The trial court specifically found that the Ewans had "reasonable cause under the facts and circumstances of the case to file such pleadings." The Defendants did not again raise the issue of sanctions until their November 8, 2013 pleading entitled "Defendants' Opposition to [Ewans']Entry of an Order of Voluntary Dismissal[,]" which was filed over two months after the Ewans' filed their written

notice of nonsuit. In this pleading, the Defendants sought sanctions against the Ewans for allegedly "burden[ing] th[e] [trial] [c]ourt and the Defendants with needles[s] inconvenience, expense and delay ... despite adverse rulings against them in multiple courts of law."

From the record, it appears that the trial court declined to award sanctions on the basis that the nonsuit foreclosed the right to seek sanctions. Mr. Martin argues that this was in error, citing federal caselaw on this issue. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (allowing Rule 11 sanctions notwithstanding the plaintiff's voluntary dismissal of the action). This holding, however, has been called into question by a number of federal courts based on a 1993 amendment to Rule 11 of the Federal Rules of Civil Procedure adding a "safe harbor" requirement to the rule. *See Gomes v. American Century Companies, Inc.*, 2010 WL 1980201 (E.D.Cal.2010) (noting that several district courts have concluded that "the 1993 amendments [to Rule 11 of the Federal Rules of Civil Procedure] supersede the Court's holding in *Cooter & Gell* as it relates to voluntary dismissals.") (citing *Hockley by Hockley v. Shan Enter. Ltd. P'ship*, 19 F.Supp.2d 235, 240 (N.J.1998); *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 452 (E.D.N.Y.1995); *Morroni v. Gunderson*, 169 F.R.D. 168, 171 (M.D.Fla.1996)).

█ Tennessee's version of Rule 11 also contains a safe harbor requirement. Rule 11.03 provides that:

[A motion for sanctions] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged

paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Tenn. R. Civ. P. 11.03(1)(a). The Rule further provides that a motion for sanctions under Rule 11.03 "shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02." *Id.* This Court has held that the safe harbor provision is "clear, unambiguous and mandatory." *Shappley,* 290 S.W.3d at 202. "Attorneys and litigants should be able to place their expectation and reliance upon the fact that Rule 11 means what it says, and that a party will not be sanctioned unless his or her opponent has followed the procedure for requesting sanctions as set forth in the rule." *Mitrano v. Houser,* 240 S.W.3d 854, 862 (Tenn.Ct.App.2007). "An award of sanctions absent demonstrated compliance with the safe harbor provision cannot stand." *Lindsey v. Lambert,* No. W2010–00213–COA–R3–CV, 2011 WL 497248, at *1 (Tenn.Ct.App. Feb. 11, 2011) (citing *Shappley,* 290 S.W.3d at 202).

In this case, there is no indication in the record that the Defendants complied with the safe harbor provision in Rule 11.03. Nothing in the record shows that the Defendants served the Ewans with their motion for sanctions prior to filing their request with the trial court. Indeed, the record shows that, in direct violation of Rule 11.03(1)(a), the Defendants did not file their request for sanctions "separately from other motions or requests," but instead requested sanctions concurrent with their opposition to the Ewans' nonsuit. As previously discussed, the failure to comply with the safe harbor provision in Rule 11 is fatal to a request for sanctions. *See Lambert,* 2011 WL 497248, at * 1; *Shappley,* 290 S.W.3d at 202; *Mitrano,* 240 S.W.3d at 862.

Further, because the safe harbor provision provides that a party shall be given an opportunity to withdraw their claim or paper prior to the award of sanctions, federal courts applying a similar provision have held that the rule "appear[s] to preclude bringing sanctions after the party against which sanctions are sought has voluntarily dismissed its suit." *Hockley,* 19 F.Supp.2d at 240 (holding that the ruling in *Cooter & Gell* conflicts with the safe harbor provision); *see also de la Fuente v. DCI Telecommunications, Inc.,* 259 F.Supp.2d 250 (S.D.N.Y.2003) (noting that "a court can no longer issue Rule 11 sanctions in a case where, as in *Cooter & Gell,* a complaint was voluntarily dismissed within 21 days of a request for Rule 11 sanctions."); *c.f., Ridder v. City of Springfield,* 109 F.3d 288, (6th Cir.1997) (holding that a party who waits until after final disposition of the case to request sanctions "has given up the opportunity to receive an award of Rule 11 sanctions" because the delay "deprive[s] [the opposing party] of the 'safe harbor' to which the rule says he is entitled."). Because Mr. Martin did not comply with the safe harbor provision of Rule 11.03, he is not entitled to sanctions under Rule 11.

### Frivolous Appeal

Finally, the Ewans request attorney's fees incurred in this appeal on the ground that this is a frivolous appeal. A frivolous appeal is one that is devoid of merit or has no reasonable chance of succeeding. *See Combustion Eng'g, Inc. v. Kennedy,* 562 S.W.2d 202, 205 (Tenn.1978); *Davis v. Gulf Ins. Group,* 546 S.W.2d 583, 586 (Tenn.1977); *Jackson v. Aldridge,* 6 S.W.3d 501, 504 (Tenn.Ct.App.1999); *Industrial Dev. Bd. v. Hancock,* 901 S.W.2d 382, 385 (Tenn.Ct.App.1995). Determining whether to award damages based on a frivolous appeal is a discretionary decision.

*See Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn.1985).

As discussed above, Mr. Martin's request for sanctions had no hope of succeeding due to the Defendants' failure to comply with Rule 11's safe harbor provision. In addition, the only applicable case cited by Mr. Martin to support sanctions, *Cooter & Gell*,[6] was superseded over ten years ago by the addition of the safe harbor provision. Mr. Martin's other issue on appeal was also not successful. However, the nonsuit claim was an issue of first impression with this Court and Mr. Martin's argument, though not persuasive, was reasonable. Under these circumstances, we decline to award attorney's fees for a frivolous appeal.

### Conclusion

The judgment of the Chancery Court of Shelby County is affirmed. This cause is remanded for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are assessed against Appellant Jonathan T. Martin, and his surety.

---

**6.** Mr. Martin does cite an additional case in his brief, which he asserts supports his request for sanctions, *Parrott v. Corley*, 266 Fed. Appx. 412 (E.D.Mich.2008). *Parrott*, however, concerns a federal statute awarding damages for the "unreasonab[e] and vexatious[]" conduct of an attorney, rather than Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 413 (quoting 28 U.S.C. § 1927 (2006)). Accordingly, the *Parrott* decision is inapposite to the case-at-bar.

