IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2018 Session

## SONYA BROOKS v. RON WOODY, ET AL.

**Appeal from the Circuit Court for Roane County**
**No. 2012-CV-82     Michael S. Pemberton, Judge**

### No. E2018-00127-COA-R3-CV

In this wrongful dismissal case, Sonya Brooks ("Brooks") sued her former employer Roane County and county officials Ron Woody and Gloria Wright ("Defendants").[1]  In a March 9, 2017 order, the Circuit Court for Roane County ("the Trial Court") dismissed Brooks' lawsuit against Defendants with prejudice.  The Trial Court reserved taxation of costs for a later date.  Brooks filed a notice of appeal on January 10, 2018.  Defendants argue that Brooks' appeal was filed untimely.  Brooks contends that the March 9, 2017 order was not final and appealable because it reserved the issue of costs.  We hold that, in keeping with longstanding Tennessee case law, taxation of costs is incidental and not a factor in determining whether a judgment is final.  As Brooks' notice of appeal was not filed timely, we are constrained to dismiss her appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

John M. Wolfe, Jr., Chattanooga, Tennessee, for the appellant, Sonya Brooks.

Jeffrey R. Thompson and Gina S. Vogel, Knoxville, Tennessee, for the appellees, Ron Woody and Roane County, Tennessee.

---

[1]On appeal, Brooks filed a motion to dismiss appellee Gloria Wright.  We subsequently entered an order dismissing Gloria Wright, leaving Roane County and Ron Woody as the remaining appellees.

## OPINION

## Background

Brooks' employment with Roane County was terminated on January 14, 2011. The underlying facts surrounding her termination are not relevant to the dispositive issue of this appeal. What is relevant is that sometime in January 2012, Brooks commenced a civil action against Defendants in the General Sessions Court for Roane County, alleging "wrongful dismissal, loss of wages, court cost[s] for $24,999.00, whistleblower, [and] civil rights" claims. We say "sometime" because exactly when in January 2012 Brooks filed her claim is disputed by the parties. Brooks asserts that she submitted the civil warrants on January 17, 2012, the last day she could under what the parties agree was the applicable one-year statute of limitation for her claims. However, the civil warrant features a handwritten issuance date of January 20, 2012. The document also is stamped January 23, 2012. In a separate suit with a separate docket number, another Roane County employee, Karen Human, sued Defendants, as well.

Upon motion of defendant Ron Woody, both lawsuits were transferred to the Trial Court. Defendants filed a motion to dismiss, or, in the alternative, motion for summary judgment against Brooks. Brooks, in turn, submitted affidavits from two Roane County court clerks stating that she had, in fact, filed the civil warrant on January 17, 2012, within the statute of limitations. In January 2017, an agreed order of partial dismissal was entered concerning Brooks' Public Protection Act claims against Ron Woody and Gloria Wright. In February 2017, a hearing took place on several outstanding motions in this case.

On March 9, 2017, the Trial Court entered an order dismissing Brooks' lawsuit in its entirety but allowing Human's separate lawsuit to proceed in part, stating as relevant:

> Plaintiff Sonya Brooks was an employee of Roane County, Tennessee in January, 2011. On January 14, 2011, Sonya Brooks was notified by her supervisor, Gloria Wright, that her employment with Roane County had been terminated. In addition to being told by Gloria Wright about the separation, Ms. Brooks also received a Notice of Separation that same day. On January 20, 2012, a civil summons was issued by the clerk's office for the General Sessions Court of Roane County, Tennessee. Ms. Brooks claims that she filed this civil summons with the General Sessions Court three days prior, on January 17, 2012. She supported her position with affidavits of two General Sessions Court clerks, one of which is a relative of Ms. Brooks. Pursuant to the bright line rule set forth by the Tennessee Supreme Court in *Word v. Metro Air Servs.*, 377 S.W.3d 671

(Tenn. 2012) and its progeny, this Court cannot consider extrinsic evidence to impeach the date of the issuance unless, on its face, the issuance contained on the face of the filing was ambiguous. This Court finds that no ambiguity exists as to the date or time of issuance on the face of the civil summons. As such, this Court cannot consider the affidavits presented by Ms. Brooks. Accordingly, pursuant to *Word v. Metro Air Servs.* and its progeny, this Court finds that for purposes of tolling the one year statute of limitations applicable to all claims asserted by Ms. Brooks, she commenced her lawsuit on January 20, 2012, the date of issuance noted on the Civil Summons. Because the statute of limitations expired on January 17, 2012, Ms. Brooks commenced her lawsuit against the defendants outside of the allowable period and therefore her lawsuit must be dismissed. It is therefore **ORDERED** that Plaintiff, Sonya Brooks' lawsuit against the defendants is dismissed with full prejudice.

***

IT IS THEREFORE **ORDERED** THAT:

1. Plaintiffs may amend their complaints to substitute Roane County, Tennessee for Roane County Government;

2. Plaintiffs may amend their complaints against Roane County, Tennessee to allege that her purported whistleblowing activities were the sole cause of her employment termination;

3. Plaintiff Karen Human's retaliatory discharge claims against defendants Gloria Wright and Ron Woody are dismissed with prejudice, but Ms. Human shall be permitted at this time to pursue her remaining claim of sexual harassment, plead under Tenn. Code Ann. § 40-21-101 in her More Definite Statement;

4. Plaintiff Sonya Brook's lawsuit against all defendants is dismissed in its entirety with prejudice. In doing so, the Court relies on the findings of fact and law stated above and in the hearing transcript attached hereto as *Exhibit A*;

5. Taxing of Costs of the Court Clerk is reserved for a later date.

On September 29, 2017, Brooks filed a motion to alter or amend. On December 11, 2017, the Trial Court entered an order denying Brooks' motion, stating in part:

As initial grounds for denying the Plaintiff's Motion, the Court finds that Plaintiff's Motion was untimely. This Court Dismissed the Plaintiff's lawsuit by order entered on or about February 24, 2017, and Plaintiff did

-3-

not file her Motion to Alter or Amend until September 29, 2017.[2]  Rule 59.04 of the *Tennessee Rules of Civil Procedure* requires that a party file a motion to alter or amend no later than 30 days following entry of judgment. Because more than 30 days passed between the date the judgment was entered and the date the Plaintiff filed her motion, the motion is untimely.

(Footnote added).  Brooks filed her notice of appeal via commercial carrier on January 10, 2018, the timeliness of which is contested.

## Discussion

Although not stated exactly as such, Brooks raises two issues on appeal: 1) whether she filed her motion to alter or amend timely; and 2) whether a genuine issue of material fact exists as to when Brooks' civil warrant was filed.  Defendants raise an additional issue, one we deem to be dispositive: whether Brooks timely filed her notice of appeal.

If the March 9, 2017 order dismissing Brooks' lawsuit was a final judgment, she was required to file either an appropriate post-trial motion or notice of appeal within thirty days from that date of entry in order to be allowed to proceed with her case.  As our Supreme Court has explained:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)-(b).  If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion.  Tenn. R. App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003).  If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion.  *See Binkley*, 117 S.W.3d at 255.  Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal.  *Id*.; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

---

[2] The order dismissing Brooks' lawsuit was signed on February 24, 2017 but not entered until March 9, 2017.  We regard the latter date as operative, although the outcome of this appeal would be the same under either date.

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (footnotes omitted). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Pursuant to Tenn. R. App. P. 2 this Court may not waive the procedural defect. Tenn. R. App. P. 2. A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Brooks argues that the March 9, 2017 order was not final and appealable because (1) Human's case, which Brooks characterizes as a "companion case," continued; (2) the order did not contain language explicitly certifying it as final; and (3) the order reserved the taxation of costs. We shall address each point.

First, Brooks states that the Trial Court effectively treated her case as consolidated with Human's case, and that a truly final judgment would have to resolve both lawsuits. We disagree. Brooks concedes that these lawsuits, each with a separate circuit court docket number, never were formally consolidated for purposes of trial, let alone joined together as one action. The Trial Court, evidently for pragmatic purposes, chose to adjudicate the motions in these matters together. Nevertheless, the lawsuits remained separate regardless of this economical approach, and resolution of both was not necessary to render a final judgment in one.

Brooks also argues that the March 9, 2017 order was not a final judgment because it contained no explicit language certifying it as one. However, the lack of additional explicit language certifying finality is not surprising because the order already contained, among other things, this ruling: "Plaintiff Sonya Brook's lawsuit against all defendants is dismissed in its entirety with prejudice." We interpret that line and its preceding analysis as an unequivocal disposition. There was no need for additional language certifying the March 9, 2017 order as final when the order plainly dismissed Brooks' lawsuit against Defendants in its entirety.

Finally, there is the question of costs. Brooks argues that, because the March 9, 2017 order reserved taxation of costs for a later date, it was not a final judgment. In *Hitachi Capital America Corp v. Community Trust & Banking Company*, No. E2015-02121-COA-R3-CV, 2016 WL 5210860 (Tenn. Ct. App. Sept. 20, 2016), *Rule 11 appl. perm. appeal denied Jan. 19, 2017*, this Court discussed whether taxation of costs factors into whether a judgment is final. We stated:

> The Tennessee Supreme Court has held that "when consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties'

-5-

substantive rights or obligations settled by the first judgment." *Ball v. McDowell*, 288 S.W.3d 833, 838 (Tenn. 2009).

Here, we find nothing in the record to suggest that the September 2010 Order failed to fully adjudicate all of the case's claims or to define the parties' rights with regard to the issue. . . .

\*\*\*

In contrast, the amended order adjudging costs entered in August 2011 did not alter or address any of the substantive claims or rights of the parties [but] simply taxes costs against the defendants. The amended order did not affect the parties' substantive rights or obligations set forth in the preceding Order. *See Ball*, 288 S.W.3d at 837.

As further importantly noted in *Utopia Place*, "[c]ourt costs do not factor into the determination of whether an order or judgment is final." 2016 WL 4005927 at \*5. "A decree will be treated as final, and an appeal entertained only where there is nothing left for future determination except the adjudication of the costs." *Mengle Box Co. v. Lauderdale Cnty*, 230 S.W. 963, 966 (Tenn. 1921). In *Mengle*, the Court stated,

> In settling the question as to whether a given decree is final, the decision as to costs does not enter as an element; it is the decision as to the merits that determines. If the entire merits are disposed of, the decree is final; otherwise not.

230 S.W. at 965 (internal quotation omitted). *See also Sullivan v. Parham*, No. 86-272-II, 1987 WL 18716, at \*2 (Tenn. Ct. App. Oct. 23, 1987) ("A final judgment must leave nothing for future adjudication except, perhaps, the taxation of court costs.") (J. Koch); *Cockrell v. Cockrell*, 83 S.W.2d 281, 283 (Tenn. Ct. App. 1935) ("the taxation of costs of a cause . . . is an incident to the merits of the case, and not such a controlling element of the cause as to determine the question of finality of the decree.").

*Hitachi Capital America Corp*, 2016 WL 5210860 at \*3-4.

In the present case, the March 9, 2017 order adjudicated completely Brooks' claims against Defendants. All that remained for the Trial Court to do was assess costs, a matter incident to the merits of Brooks' case "and not such a controlling element of the

-6-

cause as to determine the question of finality of the decree."[3]  *Id*.  Therefore, the March 9, 2017 order was a final, appealable judgment.  Brooks filed her motion to alter or amend on September 29, 2017 and her notice of appeal on January 10, 2018, both long after thirty days had elapsed following entry of the March 9, 2017 final judgment.

Although this Court prefers to resolve appeals on their merits, longstanding Tennessee case law reflects that taxation of costs is not a factor in determining whether a judgment is final.  As Brooks' notice of appeal was filed untimely, we lack jurisdiction to consider her appeal.  This appeal is dismissed for lack of jurisdiction.

## Conclusion

This appeal is dismissed for lack of jurisdiction owing to untimeliness, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed against the Appellant, Sonya Brooks, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] Brooks includes in her brief on appeal as "Exhibit 1" a copy of a September 18, 2017 order by which the Trial Court assessed costs to Brooks, care of her attorney.  We note that the order assessing costs refers to the March 9, 2017 order as the "final order," a description tending to undermine rather than bolster Brooks' position.  In any event, the order assessing costs did not affect the substantive rights or obligations of the parties.