# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 2, 2021 Session

## JAMES G. AKERS v. GREGORY FUNDING, LLC ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 19C1390      Amanda Jane McClendon, Judge**

_____

## No. M2020-01351-COA-R3-CV

_____

A homeowner sued to stop a foreclosure on his home.  Most of the defendants filed motions to dismiss, which the trial court orally granted.  But before written orders of dismissal could be entered, the homeowner filed a notice of voluntary dismissal.  The court then entered an order of voluntary dismissal without prejudice, as well as the orders of dismissal with prejudice.  Claiming that the orders were inconsistent, the homeowner filed a post-judgment motion for reconciliation of conflicting orders.  The court clarified that the order granting the voluntary dismissal without prejudice only applied to claims against defendants that did not file motions to dismiss.  But the dismissals with prejudice applied to claims against defendants that did file such motions.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

James G. Akers, Nashville, Tennessee, pro se appellant.

Denis Graham Waldron, Nashville, Tennessee, for the appellee, Gregory Funding, LLC.

Donald N. Capparella, Nashville, Tennessee, and Allison M. Stewart, Dallas, Texas, for the appellees, FV-I, Inc., Morgan Stanley Mortgage Capital Holdings, LLC, and Saxon Mortgage Services, Inc.

N. Houston Parks, Columbia, Tennessee, for the appellee, PNC Financial Services Group, Inc.

Lauren Paxton Roberts, Nashville, Tennessee, for the appellee, Bank of America, NA.

John R. Roan and Sharon Fewell, Chattanooga, Tennessee, for the appellees, Radian Clayton Services, LLC, and Dyck-O'Neal, Inc.

Marshall Todd Jackson, Franklin, Tennessee, and Steven G. Fuller, Goodlettsville, Tennessee, for the appellee, Wheelhouse Partners, LLC.

## MEMORANDUM OPINION[1]

### I.

James Akers filed a lawsuit against twelve defendants. Mr. Akers's amended complaint alleged that his wife, Deborah Akers, entered into two loans secured by deeds of trust on their property. AJX Mortgage Trust, II held one of the loans, while Dyck-O'Neal, Inc. held the other. Due to alleged defaults on the two loans, AJX and Dyck-O'Neal sought to foreclose on the Akers's home.

In an effort to stop the foreclosure, Mr. Akers sued AJX; Gregory Funding, LLC, AJX's servicer; and Shapiro & Ingle, LLP, a separate entity with some alleged connection to AJX; and Dyck-O'Neal. He also sued AJX and Dyck-O'Neal's alleged predecessors and their servicers—FV-I, Inc.; Morgan Stanley Mortgage Capital Holdings, LLC; Saxon Mortgage Services, Inc.; Radian Clayton Services, LLC; Bank of America, NA; PNC Bank, NA; and Specialized Loan Servicing, LLC.[2]

Mr. Akers brought causes of action for unfair and deceptive practices, breach of contract, and slander of title. He sought a declaratory judgment outlining each party's interests. He also sought damages for injury to his person, his property, and his business—including treble damages, attorney's fees, and costs. And he requested specific performance and injunctive relief to remove all "clouds" of title and prevent the foreclosure-sale of his home.

Nine of twelve defendants ("Appellees") moved to dismiss Mr. Akers's amended complaint for failure to state a claim.[3] *See* TENN. R. CIV. P. 12.02(6). They argued, among other things, that Mr. Akers lacked standing to challenge loans to which only his wife was a party. Mr. Akers also did not identify a specific action under the Tennessee Consumer

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

[2] Lastly, Mr. Akers sued Wheelhouse Partners, LLC. Apparently, Wheelhouse and Mr. Akers were part of a joint venture created with the goal of removing the encumbrances on the Akers's property.

[3] Those that did not were Wheelhouse, PNC Bank, and Specialized Loan Servicing. PNC Bank claimed no interest in the loans at issue and was not a proper party.

Protection Act that he claimed was unfair or deceptive. And Appellees argued that Mr. Akers's claims were barred by the applicable statutes of limitations.

The trial court orally granted Appellees' motions to dismiss. Before the court entered written orders granting the motions, Mr. Akers filed a notice of voluntary dismissal. The court then entered both an order of voluntary dismissal without prejudice and orders granting Appellees' motions to dismiss with prejudice. Mr. Akers felt that the dismissals with prejudice were inconsistent with his dismissal without prejudice. So he filed a "Motion for Reconciliation of Conflicting Orders."

The trial court denied Mr. Akers's motion. The order of voluntary dismissal "was, and remains, applicable only as to the parties that did not file . . . motions to dismiss." It did not affect the orders of dismissal with prejudice that were granted as to Appellees. Essentially, then, the court clarified that Mr. Akers's claims against Appellees were dismissed with prejudice, while his claims against the other three defendants were dismissed without prejudice.

## II.

On appeal, most of Mr. Akers's arguments go to the merits of whether his claims against Appellees should have been dismissed with prejudice. But our review is limited to the denial of his Motion for Reconciliation.

The trial court's dismissal orders constituted a final judgment. Together, they "'resolve[d] all the issues in the case'" and left "'nothing else for the trial court to do.'" *See Brooks v. Woody*, 577 S.W.3d 529, 532 (Tenn. Ct. App. 2018) (quoting *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). A party can seek relief from a final judgment within thirty days of its entry under Tennessee Rule of Civil Procedure 59. *See* TENN. R. CIV. P. 59.01, 59.02; *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012). If a party "waits to seek relief for more than thirty days after entry of a final judgment," relief must be sought under Tennessee Rule of Civil Procedure 60. *Discover Bank*, 363 S.W.3d at 489.

Here, Mr. Akers filed his Motion for Reconciliation about nine months after the court's dismissal orders. So his motion is properly treated as a Rule 60 motion.

As a general matter, we review a trial court's decision on a Rule 60 motion only for an abuse of discretion. *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991). A trial court abuses its discretion when it (1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous assessment of the evidence. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

3

Rule 60 "allows relief from a final order under limited circumstances." *Hussey v. Woods*, 538 S.W.3d 476, 482 (Tenn. 2017). Relief is not available to a party "who is merely dissatisfied with a particular outcome." *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 127-28 (Tenn. 2013) (quoting *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010)). To obtain relief under Rule 60, the moving party "must describe the basis of relief with specificity" and "establish by clear and convincing evidence that [he or] she is entitled to relief." *Hussey*, 538 S.W.3d at 483 (citations omitted). Clear and convincing evidence leaves "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992).

Here, Mr. Akers claimed that it was inconsistent to grant dismissals with prejudice in addition to his voluntary dismissal without prejudice. So he essentially argued that the trial court made a mistake in granting both. *See* TENN. R. CIV. P. 60.02(1) (allowing a party to seek relief from a final judgment due to mistake). But Mr. Akers did not show by clear and convincing evidence that the court's orders were mistaken. As the court clarified, the voluntary dismissal without prejudice was effective only as to the claims against the three defendants who did not move to dismiss. The dismissals with prejudice were effective against Appellees who did move to dismiss. The orders were not conflicting, as Mr. Akers claims.

Mr. Akers argues that he filed his notice of voluntary dismissal before the court entered its orders granting Appellees' motions to dismiss. So, he contends, his dismissal without prejudice was also effective against Appellees. Mr. Akers relies on the premise that a "nonsuit is 'taken' when the plaintiff files notice of its intent to voluntarily dismiss the action, rather than when the trial court enters its order." *Lemonte v. Lemonte*, No. M2018-02193-COA-R3-CV, 2019 WL 2157646, at *2 (Tenn. Ct. App. May 17, 2019) (citing *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 133-34 (Tenn. Ct. App. 2014)).

We agree that the effective date of Mr. Akers's voluntary dismissal was the date he filed the notice. But, when a case "has been finally submitted to the trial court for a determination on the merits, . . . the plaintiff can no longer take a voluntary dismissal as a matter of right." *Ewan*, 465 S.W.3d at 136 (citing *Weedman v. Searcy*, 781 S.W.2d 855, 857 (Tenn. 1989)). Instead, at that point, "whether to grant [the voluntary dismissal] is highly discretionary with the trial court." *Irvin v. Green Wise Homes, LLC*, No. M2019-02232-COA-R3-CV, 2021 WL 709782, at *7 (Tenn. Ct. App. Feb. 24, 2021) (citing *Hamilton v. Cook*, No. 02A01-9712-CV-00324, 1998 WL 704528, at *5 (Tenn. Ct. App. Oct. 12, 1998)). Still, the voluntary dismissal "should be granted absent some showing of plain legal prejudice to the defendant." *Oliver v. Hydro-Vac Servs. Inc.*, 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993) (citations omitted).

Here, Appellees' motions to dismiss were not just pending at the time Mr. Akers filed his notice of voluntary dismissal. They had already been orally granted. So it would

have prejudiced Appellees for Mr. Akers's voluntary dismissal to be effective against them. *See Irvin*, 2021 WL 709782, at *9 (holding that the plaintiff "lost the ability to take a nonsuit as a matter of right after the trial court orally granted [the defendant's] motion to dismiss"); *accord Hamilton*, 1998 WL 704528, at *5. The trial court did not abuse its discretion in ordering dismissals with prejudice as to Appellees. Because the court made no mistake in entering the dismissal orders, it also did not abuse its discretion in denying Mr. Akers's Motion for Reconciliation.

## III.

Mr. Akers did not show by clear and convincing evidence that the trial court's dismissal orders were mistaken. So he is not entitled to relief under Rule 60. We affirm the trial court's denial of his Motion for Reconciliation.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE