IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2023 Session

## DEIRDRA RANSOM ET AL. v. LEGENDS BANK

**Appeal from the Circuit Court for Montgomery County**
**No. 2018-CV-2478  Joe Thompson, Judge**

———————————————————————

### No. M2023-00132-COA-R3-CV

———————————————————————

This appeal arises from a dispute regarding a residential property mortgage and the subsequent default, foreclosure, and eviction. Because the notice of appeal was not timely filed, we find that this court does not have jurisdiction over the matter. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and JEFFREY USMAN, JJ., joined.

Joseph Paul Weyant, Nashville, Tennessee, for the appellants, Deirdra Ransom, Amanda Ransom, and Amelia Ransom.

D. Mark Nolan, Clarksville, Tennessee, for the appellee, Legends Bank.

### MEMORANDUM OPINION[1]

#### FACTS AND PROCEDURAL HISTORY

This appeal arises from a dispute regarding a residential property mortgage and the subsequent default, foreclosure, and eviction. Because our decision does not reach the merits of this case, the only facts pertinent to this opinion are within the procedural history.

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Deirdra Ransom (hereinafter, "Ms. Ransom") first filed suit against Legends Bank ("Legends") in June 2018 with the Sumner County Circuit Court, disputing a General Sessions detainer warrant because her adult daughters were being removed from the property but not named in the detainer warrant proceedings. Additionally, she brought forth claims of "(1) Fraud; (2) Violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; (3) Entitlement to an equitable lien based upon a finding of constructive trust; and, (4) a discrete state law claim of credit defamation." Legends responded with a motion to dismiss or for a more definite statement on the grounds of res judicata, because all matters had been decided in the General Sessions detainer warrant action and because Ms. Ransom did not timely appeal, file a petition for certiorari or supersedeas, or timely file a bond. In October 2018, the Sumner County Circuit Court granted that motion, dismissing all real estate claims and transferring the remaining claims to the Montgomery County Circuit Court, where venue was proper due to the location of the principal office of Legends Bank.

Once in the Montgomery County Circuit Court, Legends renewed its motion to dismiss in May 2019, and Ms. Ransom, with new counsel, filed a motion to amend her complaint, the latter of which the court granted. Ms. Ransom then filed her amended complaint, in which she asserted claims of fraud, violations of the Fair Credit Reporting Act, credit defamation, rescission and cancellation of the note, lost wages, promissory estoppel/detrimental reliance, breach of contract/equitable estoppel, breach of the covenant of good faith and fair dealing, and negligent misrepresentation, seeking compensatory and punitive damages. Shortly thereafter, Legends filed a motion to dismiss the amended complaint.

On August 7, 2020, the court granted Legends' motion to dismiss the claims for credit defamation, rescission, breach of contract, fraud, and misrepresentation, and the claims for the reliance on those misrepresentations; however, it denied the motion to dismiss the remaining claims.

One year later, in September 2021, Legends filed a motion to dismiss the remaining claims for failure to prosecute, and Ms. Ransom filed her response in opposition. After nine months with no further action from Ms. Ransom, Legends renewed its motion to dismiss for failure to prosecute. On August 25, 2022, the court granted that motion, finding that Ms. Ransom failed to prosecute her claim "for more than one (1) year despite having ample opportunity to do so" and dismissed all remaining claims.

Ms. Ransom filed a Rule 59.04 motion to alter or amend, stating that she had no notice of the motion or the hearing, but the trial court denied that motion in its October 3, 2022 order. After retaining new counsel, Ms. Ransom filed a motion to alter or amend the October 3, 2022 order. In its order filed December 27, 2022, the trial court denied the motion, adding that its orders "entered August 25, 2022 and October 3, 2022 remain in full force and effect."

Ms. Ransom filed a notice of appeal on January 26, 2023.

Ms. Ransom raised two issues on appeal, restated here as: whether the trial court erred in denying her motion to set aside the dismissal and whether it was error for the trial court to dismiss the claims in her first amended complaint. Legends raised one additional issue, which we find to be the dispositive issue, restated as: whether this court has subject matter jurisdiction over this action wherein Ms. Ransom did not file her notice of appeal within thirty days from the final order.

For a matter to be properly before this court, the Tennessee Rules of Appellate Procedure require, "In an appeal as of right to the . . . Court of Appeals . . . , the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4. A trial court's final judgment is one that "resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *Brooks v. Woody*, 577 S.W.3d 529, 532 (Tenn. Ct. App. 2018) (citing *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Our Tennessee Supreme Court has explained:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)–(b). If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R. App. P. 4(b); see *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id.*; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (footnotes omitted).

Rule 4 of the Tennessee Rules of Appellate Procedure specifically provides:

> In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for

judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; **the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.**

Tenn. R. App. P. 4(b) (emphasis added). However, consecutive filings of Rule 59 motions are not allowed and do not toll the time to file a notice of appeal. *See* Tenn. R. Civ. P. 59.01 ("Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.").

Our Supreme Court has explained that "[t]he thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann*, 285 S.W.3d at 869 n.1.

Here, Legends argues that Ms. Ransom's appeal is untimely, and we agree.

When the trial court granted Legends' motion to dismiss for failure to prosecute on August 25, 2022, it resolved all issues in that case, rendering a final judgment and starting the 30-day timeframe in which to file an appeal. On September 19, 2022, Ms. Ransom filed a Rule 59.04 motion to alter or amend that final judgment, which, in effect, tolled the 30-day time period. However, when the trial court denied the motion to alter or amend in its October 3, 2022 order, the 30-day clock was set in motion.

Although Ms. Ransom filed a second motion to alter or amend the court's October 3, 2022 order, this second motion is not authorized under Rule 59.01 of the Tennessee Rules of Civil Procedure, nor does it operate to toll the 30-day window in which a party must file its notice to appeal as discussed above. *See* Tenn. R. Civ. P. 59.01 ("Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.").

Furthermore, in its December 27, 2022 order denying Ms. Ransom's second motion to alter or amend, the trial court noted that its orders "entered August 25, 2022 and October 3, 2022 remain in full force and effect."

The 30-day time limit in which to file a notice of appeal began on October 3, 2022, and Ms. Ransom filed her notice of appeal on January 26, 2023. Clearly, Ms. Ransom's

notice of appeal was not timely filed; thus, this court does not have jurisdiction to hear the matter.

## CONCLUSION

This appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The appellant, Deirdra Ransom, is taxed with the costs for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.